_Thomas M. James- ADC# 98106_
Full name(s)

_ASP- Kingman (4-C-51) P.O. Box 6639_
Street address or postal box number

_Kingman, Az   86402_
City, State and zip code

_____
Phone Number

FILED
U.S. DISTRICT COURT
SOUTHERN DIVISION

10 APR -5 PM 4: 45

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

_Second Amended, 42 USC § 1983_

Civil Action No. _1:'09- CV-1204- WTL - TAB ._
(To be supplied by the Court)

_____

_Thomas M. JAMES, ADC# 98106_   Plaintiff(s)
Full name(s) (Do not use *et al.*)

v.

_1). GEO Group, Inc., and all others acting_

_in Concert, (ABC-xyz, Corp.);_

_2). Superintendent, Jeffrey Wrigles,_

_at (A.C.C.F.), (ABC-xyz, Corp.);_

_3). CMS-Medical Dpt. at (A.C.C.F.)_

_(ABC-xyz, corp.) ;_ _____ Defendant(s).
(Enter above the full name of ALL defendants in this
action. Do not use "et al".)

_____

## CIVIL RIGHTS COMPLAINT

_____

_Continued to pg. (1-A);_   ( 1 )

Continued from page #1.

4) Doctor Eli Lorenzo, who works for CMS medical at -
   (n.e.e.F.), (ABC-XYZ, Corp.);

5). Mr. Leflore (First name unknown), Movement officer at
   (n.e.e.F.) (ABC-XYZ, Corp.);

6) Wishard Hospital in the State of Indiana, (ABC-XYZ, Corp.);

7) Doctor Nicolas P. Villanustre, M.D. at wishard -
   - Hospital, (ABC-XYZ, Corp.).


All Black and white Entities A-Z.


Each named defendant including corporate entities
are sued in their official and individual capacities.

( Page 1 - A )

## I. PARTIES

1.  **Plaintiff's Information**:

    Name and Prisoner Number of Plaintiff: _Thomas M. James, ADC # 98106_

    Present Place of Confinement or Mailing Address: _Arizona State Prison,_

    _Kingman Complex, Building-4-C-51, P.O. Box 6639, Kingman, Az 86402._

2.  **Defendant's Information**: (*NOTE: To provide information about more defendants than there is room for here, use this format on another sheet of paper.*)

    Name of Defendant 1: _GEO Group, Inc. Correctional Contractor_

    Title (If applicable): _Contractor of.' (Cms) medical at (n.c.c.f.) with (A.D.O.C.)._

    Address of Defendant: _1000 Van Nuys Rd., New Castle Indiana -_

    _New Castle Correctional Facility, zip code- 47362._

    Name of Defendant 2: _Superintendent, Jeffrey Wrigles,_

    Title (If applicable): _Superintendent at (n.c.c.f.)_

    Address of Defendant: _1000 Van Nuys Rd., New Castle,_

    _Indiana 47362._

    Name of Defendant 3: _Correctional Medical Services (cms)_

    Title (If applicable): _medical Department contracted at (n.c.c.f.)_

    Address of Defendant: _1000 Van Nuys Rd., New Castle Indiana -_

    _- 47362._

    Name of Defendant 4: _Doctor ELi Lorenzo, at (n.c.c.f.)._

    Title (If applicable): _Contracted by (cms)(n.c.c.f.) (Geo Group, Inc)._

    Address of Defendant: _1000 Van Nuys Rd., New Castle -_

    _- Indiana 47362, (cms) office at (n.c.c.f.)._

Continued to page.' (2-A).

Name of 5 Defendant: _MR. Leflore (First name unknown)_. The 5 Defendant is employed as:
_Movement officer for GEO Group, Inc_ at _(N.C.C.F.) Indiana , 47362_.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The 5 Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the 5 Defendant was acting under color of law: _Failed to provide a duty_
_to move plaintiff to lower level Bunk- lower level- Housing per: Dr. orders._

Name of 6 Defendant: _Wishard Hospital_. The 5 Defendant is employed as:
_Is the entire "Hospital"_ at _address unknown at this time_.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The 5 Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the 6 Defendant was acting under color of law: _Failed to provide medical_
_treatment, Surgery to Serious medical injury (Corrective Surgery)._
_Failed to provide emergency Service._

Name of 7 Defendant: _Dr. Nicolas P. Villanustre, M.D._. The 7 Defendant is employed as:
_Doctor (title unknown)_ at _Wishard Hospital in Indiana_.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The 7 Defendant is sued in his/her: ☒ individual capacity ☒ official capacity (check one or both).
Explain how the 7 Defendant was acting under color of law: _Dr. is contracted with (O.D.C.)_
_and/or GEO Group, Inc. (CMS) to provide medical treatment. Dr. Villanustre failed_
_to perform a duty, acquired by law, to treat prisoners with Serious medical injuries._

Name of _____ Defendant: _____. The _____ Defendant is employed as:
_____ at _____.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The_____ Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the_____ Defendant was acting under color of law: _____
_____

Name of_____ Defendant: _____. The_____ Defendant is employed as:
_____ at _____.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The____ Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the____ Defendant was acting under color of law: _____
_____

Name of _____ Defendant: _____. The _____ Defendant is employed as:
_____ at _____.
<div style="text-align:center">(Position and Title)</div> <div style="text-align:center">(Institution)</div>

The_____ Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the_____ Defendant was acting under color of law: _____
_____

<div style="text-align:center">( 2 - A )</div>

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (*If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.*)

_42_ U.S.C. § _1871; 1997(e)._

_18_ U.S.C. § _1915 (d)(e)(1)._

## III. BASIS FOR CLAIMS

Check any Applicable Item(s):

____✓____ Complaint Under the Civil Rights Act, **42 U.S.C. § 1983** (state, county, or municipal defendants) _Violations based on 1st, 6th, 8th, 14th Amend., U.S. Const._

_____ Complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, **403 U.S. 388** (1971) (federal defendants) _None_ .

____✓____ Other (cite statute, if known) _Plaintiff dues not assive any citations, statutes, Concerning civil or criminal laws (state and federal)._

## IV. CLAIMS

**BRIEFLY** state the background of your case.

1). First injury was caused by medical Department (CMS) (Geo Group, Inc), Superintendent Wrigles, Dr. Elia Lorenzo, deliberate Indifference by retaliating against plaintiff for seeking emergency medical care to remove ingrown toenail timely, all mentioned above failed to provide a duty by law for emergency medical treatment, and by failing to do so, timely, caused staph infection and unnecessary suffering was unreasonable infringement of plaintiff's fundamental right to emergency medical treatment for serious medical need in violation of the 8th Amend., U.S. Const.

Continued to pg. (3-A):

3

2). Second injury occurred because Mr. LeFlore, movement officer at (n.c.c.f.) for Geo Group, Inc., was deliberately indifferent by failure to provide a duty required by (n.c.c.f.), Geo Group, Policy, State and Federal laws- per: Dr. Lorenzo's medical order from (cms) at (n.c.c.f.). Mr. LeFlore, movement officer, refused to comply with Dr. Lorenzo's medical order to move plaintiff to lower-level-lower bunk assignment. 'This is why' this injury occurred. Then, the Defendant's, in an attempt to conceal this wrong doing, concealed medical records when plaintiff was relocated back to full control and custody to ASP-System, in Arizona. Geo, Group, Inc.; (cms) medical at (n.c.c.f.); Dr. Eli Lorenzo; Wishard Hospital; Dr. Villanustre along with Superintendent, Wrigley at (n.c.c.f.) failed to provide a duty required by state and federal laws, (N.C.C.F.) Policy and are deliberately indifferent for not providing plaintiff emergency medical care (treatment) timely in November and early December of 2007, to plaintiff's serious injury, causing plaintiff suffering, pain, daily migraines, mental anguish, distress, physical and psychological- (pain + suffering), which plaintiff is forced to live with today. Defendant's mentioned were unreasonable in their actions and infringed plaintiff's fundamental right to emer-
-gency medical care (treatment) and surgery, for serious medical need in violation of the 8th Amend. U.S. Const..

3). Injury to plaintiff caused by State of Indiana inforcing through signed contract, Arizona laws and policy's that violate state and federal laws and state and federal Constitutions. This is based on fundamental right to appeal for redress of grievances.

<center>(3-A)</center>

**Claim I:** (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

1). Since March of 2002, 1, Thomas M. James, ADC # 98106, plaintiff, have been in the control and custody of State of Arizona Department of Corrections, and lived in Arizona with family, prior to being convicted - Since 1980 - to - 2000.   Continued on page - 4-A:

Claim II: 1). On 11/27/2007, while in the Control and Custody of GEO Group -Inc., of (A.C.C.F.), IN, Contracted (Interstate compact) to house Arizona inmates plaintiff suffered a serious accidental injury to left side of skull and Jaw area, by falling down; Continued to pg: 4-D:

Claim III: 1). Denial of right to legal assistance under Amendment I, right to petition the government for redress of grievances clause, and Amendment XIV, due process clause to United States Constitution. Continued to pg: 4-G:

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

✓ Yes ___ No.

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s): Thomas M James , ADC # 98106

Defendant(s): GEO - Group, Inc., (A.O.O.C.) in concert with 27 defendants.

b. Name and location of court and docket number District Court of Arizona, Tucson, Filed - NO. CV- 08-580 -Tuc- JmR.

Continued from pg. #4:

2) In March of 2007, the State of Arizona and the State of Indiana entered into a contract, signed by Dr. Dora Schriro, Director of Arizona Department of Corrections, and by J. David - Donahue, Commissioner of Indiana Department of Corrections.

3) In April of 2007, plaintiff was relocated and placed by (A.D.O.C.) and GEO Group, Inc., to 'New Castle Correctional Facility, (N.C.C.F.), in New Castle, Indiana.

4) Plaintiff was relocated by (A.D.O.C.) and GEO Group, Inc., against his will, without written consent by plaintiff, to serve Arizona prison time, at Indiana prison under the Control and Custody of GEO Group, Inc, and Arizona (D.O.C.).

5) Plaintiff was forced to be relocated by (A.D.O.C.) and GEO Group, Inc. at gun point.

6) On 10/23/07, plaintiff put in First Hand R medical form requesting medical care about bleeding, ingrown toenail, to (CMS) medical, addressed to Doctor, at (N.C.C.F.) under the Control of GEO Group, Inc..

7) The case record will reflect relalization to plaintiff by GEO Group, Inc., (CMS) medical Department, Dr. Eli-- Lorenzo, for seeking emergency medical care for serious medical condition causing unnecessary delay for emergency medical care (treatment) to plaintiff's needs timely.

8) Because of delay by all said mentioned above, to plaintiff serious medical needs, to remove ingrown - toe--nail, timely, plaintiff had suffered over 21 days of unnecessary serious physical and psychological — Continued to (4-B).        (4-A)

─ mental anguish and distress, waiting to have toe-nail removed, to include swollen, and bleeding toenail, pounding daily pain, that was caused by lack of proper timely medical treatment. All mentioned above caused staph-─infection to left toe nail.

9) Since plaintiff submitted his first H and R medical form to (CMS) Medical at (n.c.c.f.) on 10/23/07, plaintiff had also submitted many other H and R medical forms to (CMS) on the issue of ingrown toenail and was ignored any relief or proper pain management.

10) Plaintiff, upon being ignored by (CMS) medical and refused emergency medical care to remove toenail promptly, plaintiff filed grievance with MR. Holder at (n-c-c-f.) about removing toenail and follow-up care, and lower-level, lower bunk assignment.

11) After staph infection set-in on toenail, Doctor Eli Lorenzo at (CMS) medical, (n.c.c.f.) complex prescribed Penicillin, and Acetaminophen for pain and infection, which plaintiff did not receive.

12) On information and belief, Dr. Eli Lorenzo, had put in an order for GEO Group, Inc., (n.c.c.f.) staff, movement officer, MR. LeFlore, to move plaintiff from upper level housing to lower level housing and lower bunk assignment. This did not happen.

13) On 11/20/2007, an outside physician came to (n.c.c.f.) (CMS) medical Department and preformed surgery to remove part of the toenail (only), which the toe-nail was still infected.

Continued to (pg. 4-c).          (4-B)

14) (cms) medical Department failed to follow doctor's orders and provide plaintiff with lay-in medication delivery and/or proscribed medication them self.

15) GEO. Group, Inc., failed to follow doctor's orders and provide plaintiff with lay-in trays at his housing unit.

16) MR. Leflore, GEO Group, Inc., (n.c.c.f.) movement officer failed to follow doctor's order to move plaintiff to lower-level - lower bunk asignment, such failure has caused the plaintiff to fall down steps, while he was "hopping" up the steps, after going to a midnight - hop - to "Pill-Call", while on a narcotic, prescribed by outside doctor after surgery, on 11/27/07, returning back to his upper-level-housing asignment bunk.

17) Dr. Eli Lorenzo, is responsible for medical care with (cms) - medical Department at (n.c.c.f.) and is deliberately indifferent for faling to arrange specialist emergency care, timely, from outside physician.

18) Supperintendent, Wrigles, for GEO Group, Inc., at (n.c.c.f.) is responsible for arranging for Specialized medical care outside the prison, and he in this case failed to do so timely.

19) MR. Leflore, GEO Group, Inc. at (n.c.c.f.) is responsible for all Movement (between 10/23/2007 and 4/24/2008), 'at the time of plaintiff's injuries', inside the (n.c.c.f.) prison. MR. Leflore failed to preform a duty provided by (n.c.c.f.) GEO-Group-policy and state and Federal law, ignoring doctor's medical needs order prescribed to plaintiff,

Continue to pg - 4-D:   (4-C)

20) Defendants, mentioned herein are deliberately indifferent for failing to preform a duty that was required to preform and "these-failure(s)" were unreasonable infringement of plaintiff's fundamental right to his proscribed orders, emergency medical care for a serious medical need in violation of the 8th Amend. to the U.S. Constitution.

Continued from pg. #4:

<u>Claim II</u>:

- steps in housing unit while coming back from, <u>ie:</u> a midnight- hop - to "Pill-Call", while on the prescribed narcotic for pain, returning to upper-level-housing, assigned bunk on (11/27/2007).

2). On November 27th 2007, plaintiff put in First H and R medical form requesting medical care about swollen and 'hurt' left side of skull, to (cms) medical at (n.c.c.f.) addressed to Doctor, under the control of Geo-Group, Inc..

3) Plaintiff has kept a record of H and R forms about this claim and has put in other H and R forms for medical care concerning this issue and those medical requests were ignored by (cms) medical and Doctor Eli Lorenzo at (n.c.c.f.) under the control of Geo Group, Inc..

4) Because of said delay by (cms), Dr. Lorenzo, to preform emergency medical care, and/or by bringing the plaintiff to hospital for treatment of serious injury, the plaintiff has suffered serious physical and -

continued to pg. 4-E;    (4-D)

- psychological mental anguish and distress, waiting to receive emergency medical care for serious injury, to also include swelling and pounding daily migrains when and after eating.

5). On 12/27/2007, Dr. Lorenzo, answered to a 12/27/07 H and R medical form filed by plaintiff for medical care of serious medical injury. (cms) and Dr. Lorenzo delayed treatment for serious medical care (treatment) for plaintiff for about 30 days.

6). Pursuant to Dr. Lorenzo's order, GEO Group, Inc., staff at (n.c.c.f.) brought plaintiff to wishard hospital for an examination of CT Maxillofacial, that were obtained on 1/2/08.

7). Hospital findings are: "A comminuted fracture of the left mandibular subcondylar with anterior dislocation and displacement of the condyle". This dislocation, displacement of condyle (bone) is still the same today, and can cause T.M.J., Lock-Jaw in the near future if not corrected. This gets worse every day.

8). Defendants, wishard hospital and Dr. Villanustre, at wishard hospital, refused to repair plaintiff's serious injury, and claimed GEO, Group, Inc, (n.c.c.f) and/or (A.D.O.C.) would not pay for the surgery. Wishard hospital also refused to pay for the emergency surgery.

Continued to pg. 4-F.

(4-E)

9). GEO-Group, Inc., failed to provide emergency medical care, delaying treatment for serious medical injury and then refusing to provide funds, per contract for Arizona inmates at (n.c.c.f.) for emergency medical surgery.

10). (cms) medical Department failed to provide emergency medical care, delaying treatment for serious medical injury and refusing to provide funds, per contract for Arizona inmates at (n.c.c.f.) for emergency medical-surgery.

11) Dr. Eli Lorenzo, is responsible for medical care with (cms)-medical Department for GEO Group, Inc. at (n.c.c.f.) and is deliberately indifferent for failing to arrange specialist care, for emergency medical serious injury, timely, from Wishard hospital, out side physician.

12) Supperintendent, Jeffery Wrigles, for GEO Group, Inc., at (n.c.c.f.) is responsible for arranging for specialized medical care outside the (n.c.c.f.) prison, and in this case he failed to do so timely.

13) MR. Leflore, for Geo Group, Inc. at (n.c.c.f.) is responsible for Movement at (n.c.c.f.) "between 10/23/07 to 4/24/08. "at the time of plaintiff's injuries", inside the (n.c.c.f.) prison. MR. Leflore failed to preform a duty provided by (cms), Dr. Eli Lorenzo, to move plaintiff to lower-level- lower bunk, asignment, and simply put, if the plaintiff was moved to a lower-level lower bunk asignment, this injury would have never happened.

Continued to pg- 4-G:     (4-F)

14) All Defendants mentioned herein are deliberately indifferent for failing to proform a duty, required to proform and "these failures to proform" were unreasonable infringement of plaintiff's fundamental right to his proscribed emergency medical needs for serious injury in violation of the 8th Amend. to the U.S. Constitution.

Continued from pg. #4:
Claim III :

2) Pursuant to a Jury Trial, held in Arizona State Superior Court, Cr-2000-3697, Pima County, plaintiff was found guilty of Second-degree Murder and sentenced to 19 yrs to the Department of Corrections (A.D.O.C.), without an attorney at Sentencing on March 18th, 2001.

3) After Filing Motion before sentencing for adequate counsel to represent plaintiff's sentencing issues, the Court denied plaintiff counsel at sentencing.

4) The State of Arizona Court, Pima County, appointed the Public Defenders to review plaintiff's case/file pursuant to Direct Appeal, to file brief on behalf of plaintiff's fundamental Constitutional violations in his case.

5). Public Defender failed to adequately review and failed to gain undisclosed exclupstory evidence in case record, to raise appropriate arguments, requirement by law in briefing on all Constitutional (claims) in violations that occurred in plaintiff's direct appeal brief.

Continued to pg. 4-H.     (4-G)

6) Plaintiff was forced to filing pro-se petition for Post-
-conviction relief based on Claims of Ineffective assistance
of Trial Counsels and appellate counsel.

7). Plaintiff had to seek help from other inmates to be able
to provide Superior Court in Arizona valid Claims that are
colorable in Rule 32 P.C.R. petition and Supplements thereto,
to have hearing on Constitutional Issues, held on 1/9/06.

8). Plaintiff is unversed in the law and basically illiterate
thereof, and having minimal exposure to the Courts -
System, wanted to file a 'Second Rule 32 petition' to
exhaust all claims before raising Issues in habeas Corpus
petition pursuant to 28 USC § 2254 (d), to challenge his
State conviction fully and sentence in the above named
matter which is plaintiff's fundamental right to appeal,
Since appellate Counsel (s) failed to raise all Constitutional
Issues appropriately in direct appeal brief. The Claims are
new under ineffective assistance of Counsel.

9) On April, 5th, 2007, plaintiff was illegally transported from
Arizona State Prison, (A.D.O.C.) to Indiana State (n.c.c.F.) a
non-compact state, to serve Arizona Sentence, housed at
(n.c.c.F.) by GEO-Group, Inc. in New Castle Indiana.

10) On April, 24th, 2007, a riot occurred at (n.c.c.F.) complex
and plaintiff was not involved in riot and was locked
down in housing unit without legal law library access
or mail access to Arizona Courts, after riot and had
to rely on inmate, not versed in law, at (n.c.c.F.) -
library, on how to properly prepare plaintiff's Amended
habeas Corpus petition, do to GEO·Group, Inc., staff -
continued to pg. 4 - I.    ( 4 - H )

"Kept most of plaintiff's legal paper work in storage", after riot occurred, or was destroyed by officers after riot.

11) Plaintiff submits, Habeas Corpus petition was filed in place of second Rule 32 petition due to move by (A.D.O.C.) to (n.c.c.f.).

12) Plaintiff further submits, inmate Clerk at (n.c.c.f.) library had incorrectly prepared plaintiff's habeas Corpus, Amended petition, while plaintiff was on lay-in and suffering pain and Swelling (staph Infection) on left great-toe, from failure by defendants mentioned in claim I, to remove ingrown toenail timely.

13). Plaintiff moved District Court of Arizona in Tucson to Amend petition for habeas Corpus after GEO-Group, Inc. lifted lock down, after riot, month's later.

14) Plaintiff moved District Court in Arizona, after being returned to A.S.P.-Santa Rita-Unit, to Amend habeas petition to Correct mistakes, and was denied.

15). GEO-Group, Inc., at (n.c.c.f.) also Kept disclosed- "New evidence" information given to plaintiff in an Affidavit form, by Lorren Quackenbush, paralegal, - in (n.c.c.f.) storage, away from plaintiff; denying him access to important documents, to be presented as evidence, timely under Rule 32.1 (e), Ariz. R. Crim. P., for second P.C.R. petition.

16) Plaintiff, when he could gain access to library - after, GEO Group, Inc., lifted lock down, would hop to library, to see if Indiana law library had received 'Arizona law books' which the (n.c.c.f.) library did —

Continued to pg. 4-J. (4-I)

—not receive yet, only some law books, in part, starting in late November of 2007, to April of 2008.

17) Upon plaintiff's subsequent imprisonment, he learned for the first time that the state of Arizona had removed law libraries and law books containing court decisions and self help books on post conviction relief, civil litigation §1983, information from its prison system about, - November 27th, 1997, and that State law put into effect sometime in 2004 regarding the unauthorized practice of law prohibited or banned paralegals from giving anyone (inmates in Arizona) legal advice and from assisting anyone (inmates in Arizona) with the preparation of their legal documents to be filed in the Courts unless admitted to practice by the state bar, and prohibits inmates in Arizona from assisting each other. These applications of law applied to plaintiff, and inforced by interstate Compact - - contract, by state of Indiana, while plaintiff was housed at (n.c.c.f.), controled by GEO Group, Inc. in New Castle Indiana.

18) Plaintiff unversed in the law and basically illiterate of the law with minimal exposure to the Courts system, and without legal assistance in the State of Indiana, where state of Indiana failed to provide plaintiff Arizona law books, and person trained in law to do needed research on plaintiff's criminal and civil claims involes fundamental constitutional rights and/or those failures by —

Continued to pg. 4-K:      (4-J)

- the state of Indiana to provide plaintiff legal assistance from one trained in law to legally advise plaintiff and assist him in the preparation of his legal documents to be filed timely in the Courts, while at (n.c.c.f.), between 4/5/07 to 4/14/08, and during these proceedings (Second Rule 32 P.C.R.) and imposing prohibition against inmates from assisting each other with their legal matters, preparation of (P.C.R.), and "Arizona Case laws" "Federal Supplements" to Arizona cases, to prepare habeas Corpus petition, steming from an Arizona State (P.C.R.) petition that was filed with Pima County Superior Court in Arizona about fundamental Constitutional violated rights, due process Issues, and the requests for appointed Counsel refused.

19). Plaintiff has the same fundamental rights, privileges, and immunities in the State of Indiana and in the State of Arizona to petition the government for redress of grivance's (access to the Courts) and the right to legal assistance from one trained in law.

20). The state of Indiana's failure to provide plaintiff with legal assistance from one trained in law at (n.c.c.f.) to assist with preparation of: (1) Second Rule 32 (P.C.R.) petition under 32.1 (e) "newly discovered evidence", and (2) with the proper tools to prepair habeas Corpus petition (Amended) in Federal District Court, and (3) To redress grivance's, and/or (4) follow-up with Civil Complaint under Tort Action, (Under Indiana State law) or Information for 42 USC §1983 claims

Continued to pg. 4-L:    (4-K)

Each action mentioned above involves fundamental
Constitutional rights under the law.

21). _Injuries_: The state of Indiana's Failure to provide
plaintiff with legal assistance with one trained in law
to assist with preparation of his post conviction relief,
and civil rights action (s) to : (1) _Appeal_, a fundamental
right, and (2) _Equal rights to pursue post conviction_
_relief_ - a fundamental right, and (3) _Self-representation,_
a fundamental right, and (4) _Access to the Courts_, a
fundamental right, and (5) _legal assistance, a fundamental_
right, and (6) _To pursu violations of Civil rights_, a
fundamental right, resulted in the injuries listed
- below :

a). Dismissal of First (Appeal) and (P.C.R.) petition
under Cr-2000-3697; and

b). Dismissal of Second and Third (P.C.R.) petitions
under Cr-2000-3697, pursuant to Rule 32.1 (e) newly
discovered evidence, and

C) Denial of right to petition the government for a
redress grievance's (confused to process Indian and
Arizona grievance's while plaintiff was located at
(A.C.C.F.), and

d). Retaliation for seeking medical care and grievance
proceedures, and

e). Retaliation For keeping legal documents to appeal case
timely, and

P). Caused unnecessary delay in bring this action under
42 usc §1983, Civil Rights Complaint by a State Prisoner, and

Continued to pg. 4-M : (4-L)

a). Mental Anguish and Distress; and

b). Psychological pain and Suffering.

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) *NO • Dismissed without prejudice - Rule 4/(a)(a).*

d. Issues raised: *Consealing Medical file (mistreatment of Serious injury).*

e. Approximate date of filing lawsuit: *10/27/08*

f. Approximate date of disposition: *11/6/08. see order filed with (Doc #1) in this case.*

2. I have previously exhausted available administrative remedies regarding the events or acts complained of in Part II of this complaint.   ✓   Yes _____ No

If your answer is "Yes", briefly describe how relief was sought and the result:
*Submitted grievance's with GEO Group, Inc. at (n.cc.f.) about (rms) and Defendants at Claim I and Claim II, herein. The submitted grievance's at (n.c.c.f.) indiana were filed to both Indiana and Aarrona (a.o.c.) administrations, also to Department of Insurance, compensation fund in Indiana and at Risk - management Department in Aairona. Grievances took about 2 years to be final. Grievances in this case were either ignored or denied.*

## VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28. U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit:     *None !*

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number:_____

c. Grounds for dismissal:

( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition:_____

5

## VII. REQUEST FOR RELIEF

I request the following relief:

*(1). Award plaintiff special Damages against each defendant, an amount to be determined upon a Jury trial, but not less than, the amount of : $3,000,000.⁰⁰; and (2). Award plaintiff compensatory damage against each defendant in a sum to be determined upon a jury trial, but not less than : $10,000,000.⁰⁰ .   continued to pg.6-A.*

_____          *Thomas M. James*

Original signature of attorney (if any)     **Plaintiff's Original Signature**

Date: *March 31ˢᵗ, 2010*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and accurate**.

Executed at *Mohave County* on *March 31ˢᵗ 2010* .
               (location)                    (date)

*Thomas M. James*
**Plaintiff's Original Signature**

Plaintiff demands a trial by jury. ___✓___ Yes _____ No

6


Continued From pg. #6:

3). Award plaintiff punitive damages against each defendant in a sum to be determined upon a Jury Trial, but not less than: $5,000,000.⁰⁰.

4). For / any / and / all legal costs, Fee's, Filing fee's, legal copies and legal postage, and

5). For such other and / any further relief as the Court deems just, and

6). Injuctive Relief: Corrective Surgers, and

a) Implant studs for snap in dentures and/or for permanet dentures to stabilze Jaw line and Bite,

b) Needed physical therapy (as follow up care), and

c) Pain manegement for remainder of plaintiff's time in custody and Control of (A.D.O.C.) prison, and

d) Medical Specialist care and / any / all other special care related to before surgery and after surgery to repair injurys, and

e) Injury occurring, steming from any surgery preformed by Specilish in this matter to include plaintiff's death by preforming surgery to repair broken Jaw bones, and

f) or / any other "Unknown" injury (s) not reported by wishard hospital specialist or Arizona (D.O.C.) special--ist that is underlying injury by delay of proper emergency medical care, treatment (and mistreatment) to serious disconnected Jaw bone (s), Jaw joint fracture, fractured skull, Nerve damage, relating to any unreported bone brakes or fractures by Doctors or Specialists in Indiana or Arizona as is cited herein is immediately granted.

(6-A)