UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS M. JAMES ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:13-cv-541-WTL-TAB |
| v. ) | |
| ) | |
| DOCTOR ELI LORENZO and ) | |
| DOCTOR NICOLAS P. VILLANUSTRE ) | |
| ) | |
| Defendants. ) | |

### DOCTOR NICOLAS P. VILLANUSTRE'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**I.   Introduction**

Defendant, Doctor Nicolas P. Villanustre ("Defendant"), hereby files this Brief in Support of his Motion to Dismiss Plaintiff Thomas M. James' ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**II.   Lack of Subject Matter Jurisdiction under 12(b)(1)**

In the State of Indiana before a plaintiff can file a medical malpractice action in state court, the plaintiff must first file a proposed complaint ("Complaint") with the Indiana Department of Insurance; the Complaint must be presented to a medical review panel ("Panel") and the Panel must then render a decision on whether the health care provider(s) complied with the appropriate standard of care. IC 34-18-8-4; IC 34-18-10-22; *Terry v. Health & Hosp. Corp.*, 2012 U.S. Dist. LEXIS 43702 (S.D. Ind. Mar. 29, 2012).

In *Terry*, the plaintiff filed a medical malpractice action in the Southern District Court of Indiana against a nursing home under Nursing Home Reform Act ("FNHRA") and 42 U.S.C.S. §

1

1983. The plaintiff alleged that FNHRA created a federal medical malpractice regime. The Court made clear in *Terry* that medical malpractice is an area of traditional deference to state law.

> Medical malpractice is also an area of traditional deference to state law. Upsetting the balance between the federal and state governments in the medical malpractice realm would have particular significance in Indiana because the Indiana legislature adopted in 1975 a comprehensive statutory scheme for the adjudication of complaints of medical malpractice. See Ind. Code art. 34-18. For example, before a plaintiff can even file a complaint in court, a proposed complaint of medical malpractice must first undergo evaluation [*37] by a panel of medical experts to obtain the panel's opinion whether the health care provider met the applicable standard of care.
>
> Terry v. Health & Hosp. Corp., 2012 U.S. Dist. LEXIS 43702, 36-37 (S.D. Ind. Mar. 29, 2012)

The Court then went on to state:

> The point germane to the issue at hand is that the Indiana legislature has clearly and comprehensively undertaken to govern the procedures and remedies for claims of medical malpractice. The recognition of rights under FNHRA enforceable by individuals under section 1983 would result in procedures and a substantive standard markedly different [*39] from those established by Indiana law, thus altering the "usual constitutional balance between the States and the Federal Government."
>
> Terry v. Health & Hosp. Corp., 2012 U.S. Dist. LEXIS 43702, 38-39 (S.D. Ind. Mar. 29, 2012)

In *Hines v. Elkhart General Hospital*, 603 F.2d 646, 647 (7th Cir. Ind. 1979), the plaintiff filed a medical malpractice action in the Northern District of Indiana, based on diversity. The defendants responded to the complaint by moving to dismiss the complaint because plaintiffs failed to comply with the provisions of the Indiana Medical Malpractice Act ("Act") by presenting her claim first to a medical review panel. The district court dismissed the plaintiff's complaint, without prejudice, finding that the Act applied and that the plaintiff had not complied with the Act by first presenting her claim to a medical review panel as required under the Act. The Seventh Circuit affirmed the district court's opinion, finding that the Act indeed applied to an action filed in federal court.

2

In the present Complaint before this Court, Plaintiff's claim is clearly based on medical malpractice. Among other things, Plaintiff makes the following allegations:

1. Dr. Villanustre failed to perform a duty required by law to treat prisoners with serious medical injuries. *See* page 2-A of Complaint.

2. Dr. Villanustre, along with Superintendent Wiggler at (n.c.c.f.) failed to provide a duty required by state and federal laws, (n.c.c.f.) policy and are deliberately indifferent for not providing Plaintiff emergency medical care (treatment) timely in November and early December of 2007, to plaintiff's serious injury, causing plaintiff suffering, pain, daily migraines [sic], mental anguish, distress, physical and psychological (pain and suffering), which plaintiff is forced to live with today. *See* page 3-A of Complaint.

3. Defendants, Wishard Hospital and Dr. Villanustre at Wishard Hospital, refused to repair plaintiff's serious injury..[.] *See* page 4-E of Complaint.

However, prior to filing the present Complaint in this Court, Plaintiff filed a medical malpractice Complaint, on February 23, 2009, making the same and similar medical malpractice claims that Plaintiff makes in the Complaint filed before this Court. *See* **Exhibit A** - Plaintiff's Proposed Complaint. Since Indiana law requires a medical review panel to render an opinion prior to a plaintiff filing a state court action, this Court lacked subject matter jurisdiction over Plaintiff's Complaint at the time the present action was filed and Plaintiff's Complaint must therefore be dismissed.

### III.   Failure to State a Claim - *Res Judicata* under 12(b)(6)

Even assuming that the Court determines that it has subject matter jurisdiction, Plaintiff's claim is still barred under the doctrine of *res judicata*. The doctrine of *res judicata* involves issues of both claim preclusion and issue preclusion. Hazel v. Curtiss-Wright Corp., 1992 U.S. Dist. LEXIS 22600 (S.D. Ind. Mar. 9, 1992). In *Hazel* the court stated as follows:

> According to the doctrine of claim preclusion [*3] a litigant is barred from pursuing in a second suit any cause of action that should have been included in another suit that has reached a final judgment on its merits. The essential elements of the doctrine of claim preclusion are: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." Matter of Energy Cooperative, Inc.,

3

> 814 F.2d 1226, 1230 (7th Cir. 1987), cert. denied, 484 U.S. 928, 98 L. Ed. 2d 254, 108 S. Ct. 294 (1987). Typically, the most challenging element is the second--"identity of the causes of actions." The key, of course, is what is meant by the phrase "causes of actions."
>
> Several tests are potentially available to determine whether a claim should have been included in a prior suit because it was part of the same cause of action previously sued upon, however, the Seventh Circuit has, along with a majority of the circuit courts in the federal system and the Restatement of Judgments, adopted what is known as a "same transaction" test. See Matter of Energy, 814 F.2d at 1230; Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593-94 (7th Cir. 1986). Under the same transaction test [*4] a plaintiff is barred from pursuing a later claim if the later claim arises from the same transaction or occurrence as the claims previously advanced in a suit by that plaintiff that has been terminated by a final adjudication on its merits. See Car Carriers, 789 F.2d at 594 n.7. Put another way, a plaintiff may not relitigate any theories of liability which arise from a "single core of operative facts" upon which a prior claim was based. Id. at 593. Thus, "prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation, but also to those issues which could have been raised in that litigation." Id. (emphasis original).

Hazel v. Curtiss-Wright Corp., 1992 U.S. Dist. LEXIS 22600, 2-4 (S.D. Ind. Mar. 9, 1992)

Plaintiff's claim meets all the requirements to be barred under the doctrine of *res judicata.*

### A. Identity of the Parties

On February 23, 2009, Plaintiff filed his Complaint before the Indiana Department of Insurance against GEO Group, Jeffery Wiggles, CMS, Dr. Eli Lorenzo, N.C.C.P., and John Doe (Dr. Nicolas Villanustre). *See* **Exhibit A** - Plaintiff's Proposed Complaint. On September 25, 2009, Plaintiff filed an action in this Court against the same parties. Plaintiff's claim therefore meets the identity of parties requirement.

### B. Identity of the Causes of Actions

Under the Seventh Circuit same transaction test, it is also clear that Plaintiff's present Complaint arises from the same transaction or occurrence as the claim that Plaintiff filed before the Indiana Department of Insurance on February 23, 2009. In his Complaint before the Indiana Department of Insurance, Plaintiff states, among other things, as follows:

4

1. That Plaintiff Thomas M. James was a patient of the Defendant(s), Geo Group (n.c.c.f.) at medical Dept. (C.M.S.) by Dr. Eli and Dr. John Doe at Wishard Hospital, from 10/27/07 through 1/10/07, and received medical care and/or treatment from Defendant(s). (CMS) Medical Dept., Dr. Eli and From Dr. John Doe at Wishard Hospital in Indianapolis Indiana.

2. Said medical care or treatment rendered by Defendant(s) was negligent and below the appropriate standard of care. Because Doctor's [sic] failed to timely address the injury and failed to correct jaw in 10 week window.

*See* **Exhibit A** - Plaintiff's Proposed Complaint.

In Plaintiff's Complaint filed in the present Court, Plaintiff's allegations are virtually identical. Among other things, Plaintiff states that "Dr. Villanustre failed to perform a duty required by law to treat prisoners with serious medical injuries." *See* page 2-A of Complaint. Plaintiff makes numerous claims throughout his Southern District Court Complaint regarding the medical care and treatment that he received by Defendant Villanustre. *See* pages 3-A and 4-E of Complaint. The causes of actions for the two separate complaints are virtually identical, alleging malpractice as to Defendant Villanustre and others and arise from the same transaction. Accordingly, Plaintiff's claim meets the identity of the cause of action requirement.

**C. Final Judgment on the Merits**

Plaintiff's medical malpractice claim, filed with the Indiana Department of Insurance on February 23, 2009, was dismissed by a state court, with prejudice. *See* **Exhibit B** - State Court Dismissal. This decision was affirmed by the Indiana Court of Appeals. *See* **Exhibit C** - Court of Appeals Order. Because Plaintiff's present Complaint before this Court arose out of the same transaction as the prior claim that was subsequently dismissed, with prejudice, Plaintiff's claim meets the requirement for the final judgment on the merits test and accordingly the action before this Court must be dismissed. As stated by the Court in *Hazel*, "prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation, but also to those

issues which could have been raised in that litigation." Citing *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir. Ill. 1986).

***WHEREFORE***, Defendant Villunastre respectfully requests that the Court dismiss the Plaintiff's Complaint, with prejudice, for the reasons stated and for all other relief in the premises.

Respectfully submitted,

/s/Gerald B. Coleman
Gerald B. Coleman, #16009-49
Coleman Stevenson & Montel, LLP
9101 Wesleyan Road, Suite 100
Indianapolis, Indiana 46268
Telephone: (317) 875-0400
Facsimile: (317) 802-0900
Email: gcoleman@csmlegal.com

*Attorney for Defendant Doctor Nicolas P. Villanustre*