Thomas M. James
ADC # 98106
ASPC-Douglas
Mohave North
P.O. Box 5002
Douglas, Az
85608

United States District Court
Southern District of Indiana

FILED
SEP 20 PM 1:38
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

NO: 1:13-CV-544-WTL-TAB

Thomas M. James,
    Plaintiff,
v.
Dr. Nicolas P. Villanstre,
    Defendant.

Plaintiff's Pro Per Declaration with Supporting Memorandum of Law in response to the Defendant's Motion To Dismiss and brief in Support pursuant to Rule 12(b)(1); Rule 12(b)-(6), F.R.C.P.

Hon. William T. Lawrence, Judge.

Comes now, plaintiff, in pro per, pursuant to this court's order granting extension of time to no later than 9/20/13, and pursuant to Rule 12(F)(2); Rule 56, for Summary Judgment and Rule 57 For Declaratory Judgment; See also, Porter-v-Nussle, 534 U.S. 516 (2002), citing, C.F. Wilson-v-Seiter, 501 U.S. 294, 299, n.1 pp. 5-14; "Determinations of the meaning of "Prison Conditions" the pathmarking opinion is in McCarthy-v-Bronson, 500 U.S. 136, in which the petitioner "prisoner" challenging the conditions of confine-ment." (I.d.). See also 18 U.S.C. §3626 (a)(3), e' §3626 (g)(4). Plaintiff respectfully submits his Declaration and Memorandum of law in this cause below:

(1)

## Declaration of Thomas M. James

Thomas M. James, ADC# 98106, declares under penalty of perjury:

1) I am the plaintiff in this case. I make this Declaration in response to Defendant's motion to Dismiss with brief in support filed on 2/16/13, sent by Express mail. See (Appendix filed Concomitantly with Declaration of Thomas M. James, memorandum of law, et.: Exhibit I I, enclosure #1, & #2). This declaration is submitted to clarify state statutory law that Defendant is misapplying to this matter, & to clarify the meaning in definition of malpractic under the standards of neglect, and deliberate indifference under standards violating Federal Constitution to prisoner's challenging conditions of Confinement; to serious medical needs of plaintiff constitutes "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment to U.S. Const., See Estelle-v-Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976); See also e.g. Jorgenson-v-Schiedler, 87 Or. App. 100, 741 P.2d 528, 529 (Or. App. 1987) "states constitution requires "such medical care in the form of diagnosis and treatment" as is reasonably available under the circumstances of [the prisoner's] con--finement and medical condition", to ensure that

— that plaintiff is afforded the necessary and proper medical care (Dental Care) and pain and suffering compensation pursuant to a declaratory Judgment which is form of equitable relief based on narrow construction of the deliberate indifference scope of plaintiff's physical injury requirements, holding that it extends to all constitutional claims, which the defendant purposely and recklessly and/or with a callous indifference to plaintiff's protected rights. See <u>Smith-v-Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)</u>; which I have been denied my constitutional rights through out the time injury happened, being confined, as it is addressed in <u>Amended 42 USC § 1983, Complaint Filed: 4/5/10, (I.d.) (Appendix, at: Exh. EE, enclosure #1 & #2, See Doc. #24 (I.d.) enclosure #2)</u>, and defendants implausible defense is not applicable here. See (<u>Amended §1983 complaint at: pg #3 (backround of case, to pg. A3, and B3, pg #4); and see claim II, at pg. 0-4, §13 to pg. 0-4, §21; see also Request For Relief (I.d.) at pg. #6 to A6 & B6, supra</u>).

2) Plaintiff declares his consigsible claim is colorable, and setsforth all constitutional violations pursuant to <u>8th Amend.</u> below based on material factors under dispute accordingly.

Material Factors Under Dispute:

Introduction:

3) Plaintiff declares all named and unnamed defendants and persons who are directly and indirectly involved with plaintiff's constitutional Human rights violation to his "Serious injury" under dispute constitute said violations under scope/standard of delerate indifference, in an offical, individual capacity, had "created causation to others subjects or causes "another" to be so subjected can be liable under §1983. This causation creating serious injury, created delay in processes to repair injury timely to by-pass serious injury and claim: #1) injury non-existent; #2) minimizing serious injury concerns; #3) claiming plaintiff's pain and suffering is insigni- -ficant injury; (plaintiff is not in pain and is not suffering or feeling any discomfort and is not disfigured by injury). although M.R.I. scan shows injury exists. (Id.) (Appendix, at: Exh. FF, enclosure - #6). The failing to properly remedy plaintiff's serious injury is based on GEO Group, N.C.C.F. & CMS medical with (A.O.O.C.) - so all mentioned can reap normally high profits by ignoring serious medical needs concerning prisoners by hiding and retaliating against offenders confined to stop the complaints about serious injuries. See (Appendix, at Exh. H.H., at enclosure #1, read attached legal-news-

(4)

- Vol. 18 No. 7, at pg. 8, 9, 10).

4) Plaintiff declares the following information controls liability according to (I.D.O.C.), (A.D.O.C.) (GEO Group) (N.C.C.F.) at (Appendix, Exh. AA - (Contract Agreement) see pg. #6, §11.6 - Serious illness injury to Dept. inmate or staff; see also §11.7, 11.8 at pg. #7, go to 20 - Grievance Procedures at §20.1, at pg. #12; see 22 Health Care at §22.1; 22.3; 22.5; 22.8; 22.12; 22.13; 22.15; 22.17; 22.20; 22.21 - Denial of Health Care definition; 22.22; 22.23 found at pg. #12 to pg. #14; See 46 Insurance at §46.1 pg. #26 to pg. #30 - Covering Insurance policy's coverage liability guidelines, in support of this cause). Finally see (Appendix, at Exh. CC, enclosure #7; and Exh. DD - Affidavit of Thomas M. James covering material factors in dispute to the above mentioned policy's cited in Exh. AA - Contract). For the purpose of §1983 complaints see (I.d.) at (Exh. CC, enclosure, #7).

5) Plaintiff declares that he was seriously injured and submitted 3 H.e'R's to CMS medical before he was transported to Wishard Hospital and M.R.I. was taken. See (Appendix, Exh. BB, at enclosure #1, #2, #3). Plaintiff followed all N.C.C.F. and A.D.O.C. policy's to exhaust grievance policy procedures. (I.d.) (Exh. BB, enclosures, #5, #6, #7,

(5)

- #8, #9, #10 and #11).

(6) Plaintiff declares for prisoners confined, at 'N.C.C.F. and/or A.D.O.C., they must follow Instructions, if necessary to file formal suit, and in this case, must exhaust remedy by filing complaint to (I.D.O.I) and (Risk management in Arizona).

Plaintiff did both to finalize exhaustion as required by N.C.C.F. and A.D.O.C. policys. In any-event, Notice must be filed within "180 days" and (I.D.O.I) is required to notify (Plaintiff) within "90 days" filing "approval or denial." See IC 34-4-16.5-let seq. My claim was denied in accordance to "(2) Two" reasons under Tort Act. See (Appendix, at 'Exh. CC, enclosure #1, #4, and see mainly #6). Because N.C.C.F., 'GEO Group, 'CMS medical 'o' Wishard Hospital are not members of the Indiana Political Sub division Risk Management commission fund, I could not be processed, because Indiana Tort claim Act requires service of Tort claims on the Indiana Political sub division Risk Management fund. on August 24, 2009, plaintiff was denied process to file tort and is in compliance with proof of Service (I.d.)(Exh. CC, at #6), and did not file a Tort claim in state court, but instead filed a 42-USC §1983 complaint in federal court for deprivations of civil rights. (I.d.)(Appendix, at 'Exh. EE, at enclosure #2, see also enclosure #3).

(6)

2) Plaintiff declares defendants facts in motion to Dismiss are misidentified. See (Defendant's Motion to Dismiss at pg.#1, §1 to §5, and pg. #2 §6 to §9). Although a medical review panel had infact rendered a decision on plaintiff claims, it was only a defense upon a law suit against plaintiff in state court by defendant Lorenzo Eli. See (Appendix, at: Exh. FF, enclosures, #1, #2, #3, #4, #5, #6, which was disclosed by Defendant in these prosedings upon the courts order. Plaintiff merely appealed denial of decision based on Henry County Superior Court's recommendation to appeal to review panel) (Id.). Plaintiff's discussion to panel is based on medical malpractie, which was denyed and is based on a different scope concerning deliberate indifferences deprivations. See also, (Appendix, Exh. GG, enclosure #1, Letter to Clerk, stating - "the packet of documents and disclosure request in a State Claim matter brought before Superior Court in Henry County by defendant's, mainly Lorenzo Eli" end quote. See also, (Id.) enclosure #2, #3, #4 - denying counsel to out of state plaintiff). See also (Id.) (Exh. HH, at: enclosure #1, see pg. #2, "Top of page" citing (I.D.O.T.) in 2009 stems from exhaustion of administrative remedies which were denyed in full". and also Below on pg. #2 - "stating plaintiff filed a §1983 claim based on continuation of violations in

(7)

– retaleation put upon plaintiff through out his process being confined in Indiana, & Arizona prisons, which plaintiff never received any order denying panel review, which after 45 days is deemed denied, in light of plaintiff's responses based on Dr. Eli's State law Suit against plaintiff was trickery, and plaintiff did not prosecute Issues on claims, just Supported reasoning on Issues raised in Federal Court, as a Notice of sorts).

8) Plaintiff declares, that the way defendant depicts in their brief, §II, §III, A, B, C, are without merit and must be rejected, & dismissed based on plaintiff's request for declatory Judgement on this subject matter in favor of the plaintiff. Rule 57, F.R.C.P. See finally, (Appendix, Exh. II, defendant's motion to Dismiss, & Brief cover pages, enclosure #1, filed: 7/16/13, attorney's purposely holding back documents 25 days after filing & mailing them, enclosure #2, Express mail date: 8/5/13, see enclosure #4 - log date documents received by plaintiff on: 8/10/13 - express--mail and (A.D.O.C.) mail, & property officer could not find incoming mail loged from marion county on/or about 8/3/11 to 8/30/11 - Plaintiff never received any of any kind of corispondence based on review panel).

9) Plaintiff declares, because (I.D.O.I.) denyed to process any "Tort Claim Action" on: 8/24/09, and plaintiff never filed any tort action thereto –

(8)

— and then filed a federal §1983 based on conditions of confinement, namely retaleation addressed in Amended §1983 Complaint that started at (M.C.C.F.) all the way up to just recently in Arizon prison System, and also based on 8th Amendment violation, Supra, upon this courts findings, as directed by plaintiff's Appendix Exhibit Show, this honorable Court has full jurisdiction over those subject matters asserted herein, (based on no Tort Action was filed by out of State prisoner who was bamboozled by all agencey's In Indiana, & Arizona as retaleation to my Serrous injury that occurred and ignored by every one to save costs on medical care). This surely is a condition of confinement Issue (s). See (Appendix, Exh. CC, enclosure, #6). Pursuant to Rule 12 (F), defendants motion & brief are untruthful, misleading and clearly scandalous, and based on those grounds Should be Stricken from the record as is appropriate.

10) Plaintiff declares, he understands the three types of relief he is requesting, which are: #1) To Strike defendant's Motion & Brief based on the Courts findings of untruths in their presentation of material facts, and #2) Declatory relief in Clarifying the law in State and federal law--Suits under different Standards for A) medical--malpractice, and B) Deleberate indifferent claims under condition of confinement lawsuits.

(9)

#3) Clarify Summary Judgment function is not to weigh the evidence and determine the truth of the matter, but to determine whether their is a genuine issue for Trial. In this case discovery, has been resolved, mostly and the Court may enter Summary Judgment in favor of plaintiff. Fredick-v-Bonzelet, 963 F.2d 1258 (9th cir. 1992); Hanes-v-Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594 (1972); Kilgo-v-Ricks, 983 F.2d 189 (11th cir. 1993); Sands-v-Lewis, 886 F.2d 1166 (9th cir. 1989).

11) Plaintiff declares, based on continuing retaleation -- he has not waived any type of relief he may receive according to state, & federal Constitutions See 8th Amend to U.S. Const., and any type of occurring claim based on condition of Confinement - denial of emergency medical treatment that created disfigurment - and pain, & suffering for plaintiff life, upon any unnamed or named defendants indirectly or directly involved with this cause of action. 42 U.S.C §1983. (life long disfigurement and pain).

12) Pursuant to 28 USC §1746, I, Thomas M. James, ADC# 98106, under penalty of perjury swear that the foregoing herein is true and Correct. Respectfully Submitted on: September 17th, 2013. Executed By: Thomas M. James

Thomas M. James, #98106, In proper