## Memorandum of Law

### Statements of Material Facts & Law Under Dispute

### Introduction:

I. Plaintiff incorporates his material factors under dispute in above submitted Declaration by Thomas M. James, DOC #9806, filed concomitantly with this memorandum of law and Appendix In Support, respectfully. (Id.) at (Declaration, pg. #4, §3, to - pg. #9, §12). Simply, the attorney's for defendant, their review & interpretation of this case is erroneous and confuses and mischaracterizes those issues advanced by plaintiff in his 42 USC, §1983 complaint, and for the reasons stated in plaintiff declaration above (Id.), this court should strike the defendants motion to dismiss and brief in support Rule 12 (F), and grant plaintiff summary Judgment, Rule 56, supra, and warrant clarification of the Constitution in this matter pursuant to Declatory Judgment, Rule 57, for those following reasons as a matter of U.S. Constitutional law concerns setforth below:

II. Lack of Subject Matter Jurisdiction under 12(b)(1) is erroneous and confuses and mischaracterizes Plaintiff's Standing under Exhaustion of Prison Administrative Remedys, Rule 12 (B) & §2, F.R.C.P.

(1)

FILED U.S. DISTRICT COURT INDIANAPOLIS DIVISION 2013 SEP 20 PM 1:38 SOUTHERN DISTRICT OF INDIANA LAURA A. BRIGGS CITY CLERK
SCANNED

Defendant advances subject matter jurisdiction 12(b)(1), claiming Indiana State law, in a state court Tort action, the plaintiff must first file proposed complaint with (I.D.O.I.) and complaint must be presented to medical review panel and panel must render a decision whether health care providers complied with appropriate standard of care. IC 34-18-8.4; IC 34-18-10-22. In any event, and most likely, defendants interpretation of medical-malpractice law in Indiana are on point and could hold water if plaintiff had filed the Tort form required to the appropriate Insurance company, "if he new who they were", but due to the steps taken here, where plaintiff had filed a proposed complaint with (I.D.O.I.) and this was done timely, were (I.D.O.I.) then denyed the proposed complaint, within the required 90 days to grant or deny complaint and/or set complaint for review panel under statute, supra; here because Notice was given in compliance and IC 34-4-4-16.5 et seq. clarifies grant or denial within 90 days to be done - (Id.) (Appendix, at: Exh. CC, see enclosure #1 (2 pages)). The Second reason why the defendants must fail - is plaintiff had filled out the proper proposed complaint to move feward with a "Tort action" but (I.D.O.I.) could not process the claim appropriately based on the named -

(2)

– corporations in proprosed complaint by plaintiff, the (I.D.O.I.) cited that named corps. are not part of (members) of Indiana Political Subdivision Risk Management Commission fund, and since no fund members were identified in your "Notice of Tort Claim", no monies are available through the fund to assist "you" in your claim. (I.d.) at (Appendix, Exh. CC, enclosure, #6). Plaintiff never filed a formal tort claim and (I.D.O.I.) rejected Notice of Tort by plaintiff on: 8/24/09, citing plaintiff in compliance to state and federal regula--tion to file a formal law suit, which was done in the federal court on: 9/25/09 after completely exhausting all administrative remedies. (I.d.) at (Exh. -BB, enclosure #11). Finally, the requesting and formation of a Medical Review Panel is "only" based on if a party requests one to be held. I.C. 34-18-10-2, and plaintiff must be given name of Insurers- to be served, I.C. 34-18- -9-1, which are not part of, or a member of (I.P.S.R.M.C.F) - Therefore, and for these reasons exhibited to the Court, plaintiff did not qualify under the Tort Act with (I.D.O.I.) and had no information throughout this process to serve the unknown Insurance companys, and because of this, (being confined in prison) filed the only available suit under 42 USC §1983. See also (I.d.) (Exh. CC, enclosure #2, at §5).

Plaintiff makes clear that the defendants, scandalous "Dirty Tricks" referring to attorney's techniques of deception are the only tools they have considering a defense of false pretenses which have been calculated to fool the plaintiff and the Court using Dr. Eli's state law suit as a formate, as a ruse. (I.d.) at (Appendix, Exh. FF, enclosures, #1, #2, #3, #4, #5, #6). See IC 34-13-3-11 and see IC 34-13-3-13. Therefore, plaintiff's claim at (I.D.O.I) has been barred, based on expiration of 90 day period. IC 34-13-3-11.

This issue is "moot" because Issues presented by defendant are no longer "live" or the parties lack a legally cognizable interest in the outcome. See Powell-v-McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). This court has an independent duty to consider sua sponte whether a case is moot." Dittman-v-California, 191 F.3d 1020, 1025 (9th Cir. 1999), to consider this issue de novo. Wade-v-Kirkland, 118 F.3d 667, 669 (9th Cir. 1997). Because a rational trier of fact could find in plaintiff's favor, not only the deception of these facts, but also deliberate indifference under constitutional law were plaintiff was deprived emergency medical treatment under 8th Amend. Supra, this court should grant plaintiff Summary Judgment, Rule 56, F.R.C.P., See Baugus-v-Brunson, 890 F.Supp. 908, (E.D. Cal. 1995)

(4)

— and requests clarification of the State Court record under declatory judgment in a decree under the constitutional Standards pursuant to 42 USC §1983, See also 18 USC §3626(a)(3); §3626(g)(4) upon grounds based on #1) medical Malpractice, #2) deliberate indifference concerning conditions of Confinement. Rule 52, F.R.C.P. See *Tolentino-v-Friedman*, 46 F.3d 645 (7th cir. 1995). Based on the foregoing evidence and information justifying subject matter jurisdiction under Res Judicta concerns, this Court as is noted above, should reject and dismiss-strike defendants motion, & Brief, because plaintiff did not follow through with Tort action — did not know defendant's Insurance Company's names — "never disclosed by defendant Dr. Eli" and (I.D.O.I) clarify compliance for exhaustion requirement. (Id.) (Exh. CC, enclosure, #6), under the above mentioned reasoning. See (Defendants, Brief, at. pg. #3, §III, to pg. #6), which is addressed in an appropriate manner below:

III. Defendant's Allegations based on Plantiff's failure to state a Claim — Res Judicta under Rule — 12(b)(6) must be rejected / failed because Defendant's claim is erroneous and confuses And mischaracterizes Plantiff's Standing And Circumstances pursuant to Exhaustion of Administration Remedies. Rule 12(F), & §2, F.R.C.P.

(5)

Defendant advances - claim - allegations that plaintiff failed to raise a claim - Res Judicata, under Rule 12(b)(6), and at the same time also claim's "In my Tort Action" I cited the same claims as I raised in this 42 USC §1983 complaint. As mentioned above and shown through Exhibited evidence's, defendant's 12(b)(6) motion to dismiss must fail because the facts presented in defendant's §III (A), (B), 1, 2, and (C) are a mischaracterization of the true material factor's that happened in this case, and this Court should strike defendants attempt on collateral estoppel in these proceedings.

Simply put, the only binding effect In these matter's between (I.D.O.I.) proposed claim on "Notice of Tort" and "Appeal to medical panel" by plaintiff are depicted in defendant's §III-§(A) are because Dr. Eli filed a law suit demanding - disclosure, which plaintiff was ordered by Henry County Superior Court to comply with disclosure requests by Dr. Eli. (id) - (Appendix, Exh. FF.). Plaintiff's attempts thereafter under Dr. Eli's cause number, WERE to request a medical panel to review the disclosure by plaintiff and see Dr. Eli failed to comply with Court's order for disclosure to plaintiff, although plaintiff did get his disk of injury taken by Dr. Villanstre, M.R.I.-

(6)

— and never filed any further documents with the Henry County Court or panel reviewing medical malpractic claim, nor did plaintiff appeal those issues to Indiana appeals Court although he could have, do to lack of Rules, State-laws and mainly, a Federal 42 USC §1983 complaint was filed. Because Res judicata- have three essential elements, the plaintiff's involvement in state court should not pre-clude him from 42 USC §1983 complaint and the exhaustion requirement under (I.D.O.I.) See I.C. 34-4-16.5 let seq. and (I.D.O.I) letter to plaintiff, citing compliance, (I.d.) is the only prerequisite of commencement (upon the timely denial, & un-processing of plaintiff's Notice of Tort claim), that needs to be done (in the State of Indiana) and the Choise to file a Tort Action or 42 USC §1983 complaint is up to prisoner plaintiff. (I.d.) (Exh. CC, enclosure #1, (2 pages); enclosure #6). Therefore, and based on this Evidence Exhibited, defendants Res-judicata-collateral estoppel, based on defendant's attorney's fraudulent misrepresenta-tion of the facts and evidence in this federal Court, mode of proceedings, based on mitigation of damage doctrine, See Res judicata facit ex albo nigrum, ex nigro album, ex curvo rectum, ex recto curvum, Should fail, — and see —

Jones-v-Bock, 549 U.S. 199 (2007), "to comply with grievance processes will vary from system to system, claim to claim, but it is the prison's requirements and not the PLRA that defines the boundaries of proper exhaustion." See (Appendix Exh. CC, enclosure, #1 - Clarifying Denial of a claim is prerequisite to commencement of filing formal complaint. IC 34-4-16.5 - 1 et seq.; see also (Id.) at Exh. CC, enclosure, #4, and #6). (I.D.O.I) had finalized timely denial on 8/24/09, and thereafter plaintiff filed 42 USC §1983 complaint. Because of all said above, this Court should warrant appropriate relief and grant plaintiff a jury trial. See also, (Id.) (Exh. BB - enclosures #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11).

IV.

Request for Summary Judgment, Rule 56, F.R.C.P.

As mentioned above, plaintiff setforth reasons under the extraordinary circumstance to why this Court should reject-dismiss, & strike defendant's Motion, & Brief. Once the Court defines those findings and agrees with plaintiff's proof and arguments, then the Court may move to grant Summary Judgment in favor of plaintiff in those matters.

The issues at trial will support retaliation placed upon plaintiff by State of Indiana, & Arizona officials, concerning serious medical injury, condition and -

— the interference of "State officials" to provide the "emergency serious injury treatment timely" and the cover up involved in hiding this injury by all State officials — in violation to the 8th Amend.

Plaintiff clarifies claims in his Amended 42-USC §1983 complaint filed by this Court. The retaliation also consists of denial of a fundamental right to access the Courts upon information not disclosed by defendant to interfere in any possible state Tort claim. 1st Amend. to U.S. Const. — which in turn denied plaintiff a meaningful opportunity to Self Representation. (I.d.) See Ex parte Hall, 312 U.S. 546 (1941); Bounds-v-Smith, 430 U.S. 817 (1978). The deprivation is based on moving plaintiff back to Arizona prison system and blind-siding every attempt to resolve this claim in confinement of different prisons upon 10 moves in one year to hinder access to appropriate persons agencies and insurance companies and disclosure. This is issue based on condition of confinement. See Zinermon-v-Burch, 494 U.S. 113 (1990) — "Availability of postdeprivation remedy is inadequate when deprivation is foreseeable". This was clearly foreseeable to move plaintiff back to Arizona and ignore every attempt for information to adequately continue and file Tort action on defendant's and their Insurance Company. See Porter-v-Nussle, 534 U.S. 516 (2002), citing —

(9)

c.f. Wilson-v-Seiter, 501 U.S. 294, 299, n.1 pp. -5-14; "Determinations of meaning of Prison-Conditions". Here, the continuing pain and suffering is consistent with relief pursuant to conduct that satisfies both prongs of §1983 "under color of State law requirement"; see also U.S.-v-Classic, 313 U.S. 299, 326 (1941); And see also West-v-Atkins, 487 U.S. 42, 50-52 (1988), "The phsican acted under color of state law when providing medical services to prisoners". And Lugar-v-Edmondson Oil Co., 457 U.S. 922, 937 (1982); Am Mfrs. Mat. Ins. Co., -v- Sullivan, 526 US 40, 50 (1999), "Affirming that both prongs must be evaluated". Because defendant Lone had acted under Color of State law hired by prison officals through a Contract, this court should then evaluate both prongs of §1983, and thereafter finding genuine issues for trial, enter it's order in favor of plaintiff granting jury trial in these matters.

## V. Eighth Amendment Claim is Colorable:

"The opponent of a motion for Summary Judgment does not raise an issue of fact by merely stating in the record that an issue of fact exists, but rather plaintiff or Defendant must show that competent evidence is available which will —

(10)

-justify a trial..." <u>Cullison-v- City of Peoria,</u> 120 Ariz. 165, 168, 584 P.2d 1156 (1978). Where the facts appropriately set forth in support of the motion are not controverted by the adverse party with proof of specific evidence admissible upon trial, then are presumed to be true, for while the burden is on the movant the opposing party cannot fail to urge his legal arguments. <u>Portonova-v- Wilkinson, 128 Ariz. 501, 502, 627 P.2d 232 (1981); W.J. Kroeger Co.-v- Travelers Indemnity Company, 112 Ariz. 285, 286, 541 P.2d 385 (1975).</u>

Here the specific evidence admissible at trial is found at <u>(Appendix, Exh. AA, see Exh. BB, see enclosures #1, #2, #3- delay in emergency medical attention, see also #5, #6, #7, #8, #9, #10, #11, and see Exh. CC, enclosures, #1, #2, #3, #4, #5, #6, #7, See Exh. DD- enclosure #1, and see Second Amended 42 USC §1983 Claim (on those issues addressed above), See mainly Exh. FF, enclosure #6, picture of injury -M.R.I, Exh. HH, enclosure #1 filed in Federal-District Court - "giving notice of Dr. Eli's state law Suit upon disclosure, (i.d.) Letter at pg #4, (i.d.))</u>

At a trial I would prove beyond a reasonable doubt that an emergency medical injury happened, that plaintiff was delayed treatment for serious injury (Broken Jaw Bone) and that I was then refused medical treatment in a timely fashion,-

(11)

and upon complaining about said injury's occurred, I had been retaleated against by prison officals - moved back to Arizona prison System and documents prove that my medical Records were missing - and I was deprived further medical treatment (hindering access to medical files) and further retaleation by Arizona prison system moving me to 10 different prison locations and to segergation based on attempting and filing grievances to finish the processes. This dominstrates Prison officals and (Doctors and officals in Indiana) conduct were deliberately indifferent to the plaintiff's serious medical needs, who is a prisoner - constitute's the "unnecessary and wanton infliction of pain" and violates the eighth Amendment prohibition of cruel and unusual punishment. Estelle-v-Gamble, 429 US 97, 104 (1976), quoting Gregg-v-Georgia, 428 U.S. 153, 182-183 (1976); Garvin-v-Armstrong, 236 F.3d 896, 898 (7th cir. 2001). To state an 8th Amend. Claim, a prisoner must show that; #1) he had (or still has) a serious medical need, and #2) the defendants were deliberately in--different to it. See Garvin, 236 F.3d at 898.

Plaintiff submits he has satisfied Estelle's standard, 8th Amend. Claim, with documents in his Appendix, and can produce further -

— documents in evidence to establish allegations on retaliation are true. Here, the physician diagnosed injury and failed to treat the serious injury at all. An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or (one) one that is so "obvious" that even a lay person would easily recognize the necessity for a doctor's attention. See Zentmyer-v.--Kendall County, Illinois, 220 F.3d 805, 810 (7th cir. 2000), quoting, Gutierrez-v-Peters, 111 F.3d 1364, 1373 (7th cir 1997). Deliberate -Indifference entails more that "mere negligence" under standard for medical malpractice claims, See Farmer-v-Brennan, 511 U.S. 825, 836 (1994), and requires the prisoner to show that the prison officals was subjectively aware of the prisoner's serious medical needs and disreg--arded an excessive risk that a lack of treat--ment posed to the prisoners health or safety. (I.d.) at 837; Zentmyer, 220 F.3d at 811. Both Doctor Eli and Dr. Villanstre were aware of the serious injury and the medical treatment to be perscribed there after making a diagnoses "decided to do nothing at all"! (I.d.) at (Exh. BB- enclosure #11, see §1 and mainly §2; see also Exh.--FF, enclosure, #6 - M.R.I. Scan - easily show the brake and still to this day never repaired).

(13)

Plaintiff has established first prong of a deliberate indifference claim, the proof of a serious injury occurred (Exh. FF, at #6), to also establish grounds to grant Summary Judgment in favor of plaintiff, and or Amend the Complaint if necessary. Neitzke-v-Williams, 490 U.S. 319, 329, 109 S.Ct. 1827 (1989); In re Cook, 928 F.2d 262 (8th cir. 1991); Frazier-v-DuBois, 922 F.2d 560, 561-62 (10th cir. 1990), "Transfer in retaliation for constitutionally protected activities".

Dental care is one of the most important medical need of inmates. See Ramos-v-Lamm, 639 F.2d 559, 576 (10th cir. 1980); Brownlee-v-Connie, 957 F.2d 353, 354 (7th cir. 1992); Frelds-v-Gander, 734 F.2d 1313, 1315 (8th cir. 1984), "Three week delay in treatment of painful condition stated a claim". Carver-v-Knox County, Tenn., 753 F.Supp. 1370, 1391 (E.D. Tenn. 1989), "Substantial delay in necessary dental treatment violated the Constitution", remanded for reconsideration, 887 F.2d 1287 (6th cir. 1989), adhered to on remand, 753 F.Supp. 1398 (E.D. Tenn. 1990), and cert. denied sub. nom. Knox County Tenn.-v-McWherter, 110 S.Ct. 1949 (1990).

Here, and since the injury occurred which is worse than merely a dental problem, plaintiff's pain creates a number of issues that still exist today. When eating is significantly impeded based on what plaintiff can eat, the ability to

- enjoy eating (only eating mainly softer foods) and "all along - since injury occurred" has suffered : headaches which turn into migrains, had also suffered bleeding gums and teeth ajusting to the disfigurement for years, and this year all the final 11 teeth on bottom jaw line were finally pulled out. The migrains last for hours or days at a time. Today I have no teeth and for ~~many~~ years I have had the wrong top denture which I can not eat with, since two years ago my top denture broke and was replaced a year later with the wrong denture. Today I eat with no denture and was finally given a surgery to the bottom jaw line leveling the bone on the jaw-line so a denture can be fitted, which their is barely any gum to grasp on to. Not fixing this injury created long term complications in minor repairs to my teeth has created unnecessary pain and suffering. In the beginning the pain was extreme, and since then has faded somewhat away, but, pain still occurnes in a constint feel--ing on the left side of the face, numbness and hearing difficulty in left ear. The incorrect healing process has created health and safety concerns --discomfort daily and disfigurement which can be seen upon looking at it. Pain, & suffering has been documented and is disclosure issue for trial. Today the ability to eat food has not changed.

(15)

See Cooper-v-Schriro, 189 F.3d 781, 783-84 (8th cir. 1999); Chance-v-Armstrong, 143 F.3d 698, 703 (2nd cir. 1998), "Extreme pain, inability to eat properly"; Hunt-v-Dental Dep't, 865 F.2d 198, 200 (9th cir. 1989). Because of the delay and then medical (and state officals) new that the the injury existed, those documents can be identified in (appendix, Exh. JJ, enclosure #1). See also Madrid-v-Gomez, 889 F.Supp. 1146 (N.D. Cal. 1995); City of Revere-v-Massachusetts Gen. Hosp. 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); See also e.g. Bass-v-Wallenstein, 769 F.2d 1173 (7th cir. 1985); eg, Browning-v-Godwin, 551 F.2d 44 (4th cir. 1977); Zentmyer-v-Kendall County, supra, (7th cir. 2000); Booth-v-Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); "Plaintiff received only retaliation and denial during grievence process in the present case while in Indiana and continued in Arizona while confined." Dr. Villanstre committed a gross medical maltreatment at Wishard Hospital which at that time was under Contract with GEO Group, (N.C.C.F.) and (A.D.O.C.) (I.d.) (Exh. AA). Dr. Villanstre is not and was not qualified to perform the needed surgery and should have forwarded plaintiff to proper department of a surgen to make a second opinion and diagnoses by a medical specialist, which was not done. See –

(16)

Lopez Tijerina v. Ciccone, 324 F.Supp. 1265 (W.D. Mo. 1971); Prushinowski v. Hambrick, 570 F.Supp. 863 (E.D. N.C. 1983). Finally, because Dr. Eli, submitted a law suit against plaintiff, and never disclosed Insurance company information, a review panel can not make an informed decision, (which plaintiff was denyed every request for disclosure from Dr. Eli, only receiving M.R.I scan from Wishard Hospital). Plaintiff had filed two documents total according to Panel process with Federal Court. Pursuant to all the foregoing evidence, information exhibited and authorities presented in favor of plaintiff, plaintiff requests respectfully this honorable Court grant appropriate relief concerning plaintiff stating a claim upon Issues and respectfully submit this court clarify declatory relief.

Requested Relief:

1) Summarily reject-dismiss with prejudice defendants Motion, & brief to dismiss, 12(b)(6) pursuant to Rule 12(f) & 82, F.R.C.P.,

2) upon this Courts dismissal to defendants Motion & Brief, enter it's order clarifying declatory relief in a decree pursuant to 18 USC § 3626 (a)(ii), (g)(4) & (6), & (9), for plaintiff to be provided appropriate-

(17)

medical care, in corrective surgery if now possible, and/or implants, dentures upon "concent decree" or if defendant's fail to follow said orders, the plaintiff will be released on parole, so he may have appropriate medical treatment in accordance to unavailability under conditions of confinement in prison. <u>and/or</u>

3) Grant plaintiff's request for Summary Judgment upon a Jury trial, <u>Rule 56</u>, <u>Rule 29</u>, <u>Rule 31</u>, <u>Rule 32</u>, <u>Rule 33</u>, <u>Rule 34</u>, <u>Rule 35</u>, <u>Rule 36</u>, <u>Title VI Rule 38</u>, <u>Rule 39</u>, <u>Rule 40</u>, <u>Rule 44 F.R.C.P.</u>, and to include in the interests of Justice, clarify Constitutional violation pursuant to <u>8th Amend.</u> upon defendants committed a gross medical maltreatment upon plaintiff in this cause.

4) Grant all other relief deemed necessary and in accordance to Federal constitutional law in this cause.

5) <u>Issue</u> all orders and concent decree in an appropriate manner so the defendant's and the plaintiff may respond appropriately and timely to said orders in an appropriate manner.

Respectfully Submitted on: <u>September 17th, 2013</u>.
Executed By: <u>Thomas M. Jones</u>
Thomas M. Jones, #98106

(18)