Thomas M. James
ADC # 98106
ASPC-Douglas
Mohave North
P.O. Box 5002
Douglas, Az
85608

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIV.
2014 FEB 18 PM 1:00
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

United States District Court
Southern District of Indiana
~~Indianapolis Division~~

No: 1:13-CV-541-WTL-TAB.

Thomas M. James,
　　Plaintiff,
V.
Dr. Lorenzo Eli, et.al.,
Dr. Nicolas P. Villanustre,
and/all other's acting in
concert, ABC/XYZ, Corp.
　　Defendants.

Plaintiff Pro Per Motion Pursuant
To Rule 26; 33; 34, F.R.C.P.
with Declaration In Support.
Motion for Discovery &
Disclosure, Production of
documents, & Interrogatories,
In Response To Summary Judgment
Motion by Defendant 1/28/14.
Hon. William T. Lawrence, Judge.

　　Pursuant to Rule 26; 33; 34, F.R.C.P., plaintiff respectfully requests the honorable court for the following relief (with Declaration filed concomi-tantly in support). A memorandum follows:

## Memorandum

Standard of Review:

　　The provision, which concerns prospective relief, defines "prison conditions" —

(1)

to mean, "the conditions of confinement or the effect of actions by government officials on the lives of persons confined in prison", See Booth-v-Churner, 206 F.3d 289, 294-295 (C.A. 3, 2000), aff'd on other grounds, 532 US 731, (2001) (reading §3626(g)(2) to cover all prison conditions and corrections officer's actions that make [prisoner's] lives worse." See Booth, held, that §1997e(2) mandates initial recorse to the prison grievance process even when a prisoner seeks only money damages, a remedy not available in that process. (Id.) at 741.

"In order to establish an 8th amendment violation after incarceration, a prisoner must establish the unnecessary and wanton infliction of pain, mental or physical", see Scher-v-Engelke, 943 F.2d 921 (8th cir. 1991), quoting, Cowans-v-Wyrick, 862 F.2d 697, 700 (8th cir. 1988), The scope of eighth amendment protection is broader than the mere infliction of physical pain as (plaintiff) urges, and evidence of fear, mental anguish, and misery inflicted through frequent retaliatory cell searches, segregation, moves to different units, some of which resulted in the loss of legal material, personal-property, dishevelment of plaintiff's cell, could suffice as the requisite injury for eighth amend--ment claim. See Wilson-v-Seiter, 501 U.S. 297, 111, S. Ct. 2321, 115 L.Ed.2d 271 (1991), held –

"we see (NO) significant distinction between claims alleging inadequate medical care and those alleging inadequate condition of confinement. Indeed, the "medical care" a prisoner receives is just as much a "condition" of his confinement as the food he is fed, the clothes he is issued, the temperature he is subjected to in his cell, and the protection he is afforded against other inmates" - Some conditions of confinement may establish an 8th Amendment violation, "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise - for example. A low cell temperature at night combined with a failure to issue blankets. The Supreme Court of the United States held, that to establish an 8th Amendment violation for cruel & unusual punishment, an inmate must allege both an objective element - (Here - deprivation is serious injury occurred) and a subjective element (Did the officals act with a sufficiently culpable state of mind?) (I.d.). no they did not!

Statement of material factors under Dispute:

Plaintiff outlines his reasons to join defendant's in Arizona-D.O.C. with defendant's in Indiana -

(3)

– D.O.C., see (motion for leave to (amend), join defendants, supra filed concomitantly with this motion, é declaration in Support). The combination here in this case have a mutually enforcing effect that "overall" produces the deprivation of a single, identifiable human need that was delayed, then upon that reason, surgery was denied because Doctors felt plaintiff will be O.K. This life long debilitation, has, and still does – create pain in migrains, – had all teeth pulled out – that didn't need to be pulled, and other continuing debilitations already addressed to the court that will effect plaintiff for the rest of his life – for reasons of buget constrains, and bias, é prejudices against Arizona inmates in (n.c.c.f.) after riot, to enclude the continuing retaliation upon plaintiff upon his return to (A.D.O.C.) prison system. These factors under dispute combined, in deprivations support, that the retaliation was done to prevent plaintiff from being awarded compensation, because of said failure to preform surgery timely, are grounds to distinguish "somethings wrong here" and "it needs to go away", so (A.D.O.C.) purposely retaliated to prevent a tort claim from being filed – knowing plaintiff will fight a long battle in federal court to gain any relief if at all.

(4)

Plaintiff contends, and alleges and can prove, a pattern of delay, neglect, or incompetence and a "series of incidents closely related in time", evidencing officially sanctioned neglect by the Corporation staff of C.M.S. medical.

This is a factor under dispute and supports reasons why this Court should appoint counsel to plaintiff cause and appoint medical personnel in order to provide an "independent assessment of prisoner's complaint and actual injury occurrance". See Lopez Tijerina -v- Ciccone, 324 F. Supp. 1265 (W.D. Mo. 1971); Prushinowski -v- Hambrick, 570 F. Supp. 863 (E.D.N.C. 1983), "medical furlough ordered so that prisoner could obtain outside doctor's opinion".

Therefore, based on production of documents and Interrogatories requests sent to defendant, Dr. Villanstre, and this Courts orders steming from pretrial schedule on 1/10/14, plaintiff respectfully requests the Court to grant all appropriate Relief as is follows:

Requested Relief:

1) Issue it's entry staying pretrial schedule pursuant any amendeds ordered in accordance to Rule 20 (a), (B); Rule 18(b); Rule 19 (b)(4), F.R.C.P.

(5)

- based on broader scope under 8th Amend violations inflicted through retaliatory actions committed by Arizona-D.O.C. defendants in identifiable injury occurred in combination mutually enforcing effect. See 1st & 14th Amend. U.S. Const.; and deny defendant's motion for Summary Judgment; and

2) upon a stay of pretrial schedule, to let defendants & plaintiff continue disclosure process of proceeding, in order to finish said disclosure & Interrogatories to be answered within 30 days of service of said requests; and

3) Grant continuence of time of pretrial schedule of 90 days upon all defendants joined to give adequate time to answer and respond to all provisions of pretrial schedule after the Court determines the Amended pleading has merit and is colorable meritorious claims are asserted by plaintiff to proceed upon a pretrial schedule;

4) Grant plaintiff appointment of pro bono volunteer counsel and Expert medical person to develope the Amended 42 USC § 1983 com- -plaint, to properly and appropriately name all defendants in this Cause to be joined -

(6)

and a furlough ordered so plaintiff can obtain outside doctors opinion to rebut any opinion by defendant Doctor's and/or defendants expert Doctors opinion.

Therefore, plaintiff respectfully requests this court to grant all requested relief before the court in all respects.

Respectfully Submitted on: Febuary 12th, 2014

Executed By: Thomas M. James

Thomas M. James, ADC #98106
Plaintiff In Pro Per

# Certificate of Service

I, Thomas M. James, ADC #98106, hereby certify the foregoing documents:

#1) Pro Per Motion for Leave of Court Pursuant to Rule 20 (2), (B); Rule 18 (b); Rule 19 (b)(4), F.R.C.P. for Permission to include, Join Parties to Suit In Response To Defendants Summary Judgment, 1/28/14; and

#2) Plaintiff's Pro Per Motion Pursuant To Rule -26; 33; 34 F.R.C.P., with Declaration in Support. Motion for Discovery, & Disclosure Production of Documents, & Interrogatories In Response To Summary Judgment Motion By Defendant, 1/28/14; with

§A) 2 copies of:
i) First request for Production of Documents.
ii) First Set of Interrogatories to Defendant, (Those Copies were sent to Defendants - Attorney of Record only).

#3) Plaintiff's Pro Per Declaration In Support of Motion for Leave, & motion's for discovery Supra; with 2 Exhibits. (A & B).

were sent out via- legal mail, postage pre paid From: ASPC- Douglas, Mohave North Unit, P.O. Box 5002, Douglas, Az 85608 - TO:

(1-of-2)

Original Copies to:
Office of The Clerk of The Court.
U.S. District Court, Southern District of Indiana
105 U.S. Courthouse, 46 E. Ohio Street
Indianapolis, Indiana  46204

Copy to:
Hon' William T. Lawrence, Judge.
U.S. District Court, Southern District of Indiana
105 U.S. Courthouse, 46 E. Ohio Street
Indianapolis, Indiana  46204

Copies to:
Gerald B. Coleman,
Coleman Stevenson & Montel LLP.
9101 Wesleyan Road, Suite 100
Indianapolis, Indiana  46268
2-Copies of Production of documents & Interrogatories

Respectfully Submitted on: Feburary 12th, 2014

Executed By: _Thomas M. James_
Thomas M. James, #98106
Plaintiff In Pro Per

(2-of-2)