From: Thomas M. James
ADC # 92106
ASPC - Douglas
Mohave North
P.O. Box 5002
Douglas, Az
  85608

To: Gerald R. Coleman
Coleman Stevenson
9101 Wesleyan, Rd, Suite 100
Indianapolis, Ind 46268

Settlement Proposal

RE: Pretrial Schedule order §A, §B, §C, §D, Notice to provide information and provide information in accordance to §D, supra, Issued on 1/10/14. This Document Executed on: 2/24/2014.

§A) Information:

Plaintiff has witnesses and does not waive the afforded right to confrontation (to call witnesses) at trial, and is reviewing the very large file to gain access to all witnesses names and will provide said names in due course after file review is done, being prepared for disclosure purpose. upon that time it is more than likely with fair notice, plaintiff will comply with §A, §B, supra. See §D, providing time limits extended upon parties notice why they can't comply with orders.

(1)

## § B Information:

Based on plaintiff large file and the large amount of copies needed to be provided, and limited opportunity through prison library access to make the copies; Plaintiff doe not waive his disclosure process because he is not timely with said information for the defendant, "It is the plaintiff's condition of Confinement that prevents him from being timely per A.D.O.C. policy to have Prison Paralegal examine documents to be copied and their authorization to grant plaintiff Indigent Copies to be made could take additional 5 days to 1-week - to provide required information to defendant upon pretrial Schedule order." (I.d.) § B, Supra.

Furthermore, the complete medical records of this case must be first released to plaintiff through approval by (A.D.O.C.) administration, whom combates every attempt to gain access to his medical files and any up dates. Notice: Dr. Quintia, in Tucson has the main portion of needed information on this subject matter and upon many requests by plaintiff have been denyed a copy of the complete medical files, & electronic data

Finally, (A.D.O.C.) is known for having orders issued concerning discovery claims and to release disclosure to certain parties, and for failing to comply with said orders. If the (A.D.O.C.) fails to provide plaintiff with all his medical records, supra, to be disclosed to defendant, plaintiff will address the issue with the District Court Judge upon (A.D.O.C.) to comple them to disclose the medical records for "our" review in this subject matter upon claims in District Court, no: 1:13-cv-541--WTL-TAB, then upon that time, plaintiff can comply with §A, §B, order issued on 1/10/14.

§C. Information:

Compensatory Damages

#1) Compensatory damage settlements are intended to place the plaintiff back in the position he was in prior to the time that the injury and violation occurred. "The concept of making the victim whole" means that the defendant is liable for all the necessary or natural consequences of his unlawful acts. Plaintiff contends that upon a settlement, defendant will be removed from the law suit and will not be publicated in any law review, medical journal about his actions, and/or

(3)

— inactions to taint his reputation. He will be safeguarded from any further liability from this cause upon a contract drawn up and agreed upon through defendants representatives, Coleman Stevenson, & Montel. Plaintiff will also agree to and upon any settlement by Defendant Dr. Villanstre, to relinquish liability for defendant's Lorenzo Eli and "Soon to be defendant" Dr. A. Cohen. The settlement will be pursuant to compensatory damages, & nomial damages.

To make the plaintiff somewhat whole again, Plaintiff is requesting for the follow relief to be settled upon agreement by defendant Dr. Villanstre, to relinquish said defendants above as followed.

## Settlement Proposal:

The conditional relief afforded refures to the Contract fourmulated and that controled settlement agreements through Insurance companies. See Pro Per Declaration filed by Plaintiff, (recent- -decument) dated on: 2/12/14, at Exhibit A, "Contract between (I.D.O.C. & A.D.O.C.) supra. See Contract at § 46 - at: Commercial General - -Liability, general aggregate minimum limits of $10,000,000, per occurrence, and endorsed to add the State of Arizona, (A.D. -O.C.). Because this injury happened at the time —

(4)

—this contract was active, it stands as a formate to settlement agreement and could in fact provide insurance company through Arizona to help resolve settlement "actual dollars & cents" cost to the following coverage medical costs, past and future, to include general damages, pain & suffering, emotional distress, humiliation, etc. etc. upon life long debilitative effects this will have on plaintiff. Plaintiff requests the following settlement:

Defendant Dr. Villanustre & Insurance company incurrs costs for:

**#1)** Past Medical Cost for all medical treatment at: (N.C.C.F.), at Wishard Hospital, at (A.D.O.C.) Dr. Quintia's visits to his office in Tucson and with (A.D.O.C.) medical Dept from 2007 to 2014. Plaintiff requested for prison inmate trust fund account to be disclosed with all costs.

**#2)** Future Medical Treatment Costs. Plaintiff is inquiring into costs for permanet dentures, and will give any information on estimites sent to him, but believes that it will cost close to 20,000.00, to 30,000.00 dollars for the work to be done. The surgery's needed and all procedures to be done will be formated in dollar & cent amount. See (2/12/14, H.C.R. To Dental, attached explaining denture complications).

(5)

#3) Plaintiff has litigated his case in pro per and has created a negitive balance in his Prison inmate trust account. The injury incurrs the following: ( Legal-Fee's, & Costs ).

A) Every time plaintiff has to answer and/or file appropriate legal pleadings concerning this cause in 1:13-CV-541-WTL-TAB, or at Henry County Superior Court to defend plaintiff position against Dr. Eli's law suit, the (A.D.O.C.)-administration lets plaintiff make the copies as Indigent, but charges plaintiff for said copies in retention against my account, Books. This is also done as for Indigent supplies and legal Indigent Postage for legal mail. Ever since I've been litigating this action, for Years, plaintiff could not shop at inmate store and must only rely on Indigent supplies to live on. The emotional distress and humilia-tion factor applys here. These are subject to special damages. Plaintiff's inmate trust account is in the negitive somewere at $5.000,00 dollars. Plaintiff is requesting upon the disclosed inmate trust account records, to be paid, include all legal and medical costs thair to. Furthermore, plaintiff has paid into the inmate trust account and has paid for medical and legal aspects of his retention of money's given to him, and

(6)

- wishes that money also to be provided in the prison inmate trust account records "to be re-imbursed, and can amount to cost surrounding 3 to 4 thousand dollars "already" paid off." These are just projection of dollar amounts and the inmate trust account will provide the cost as they documented them all, at (A.D.O.C.) Records Banking Department at central office in Phx. Ariz.. As noted above, once the (A.D.O.C.) has disclosed Inmate trust account for Plaintiff, he will disclose this information to defendant. All copies of inmate trust account are also charged per-copy to plaintiff, and those costs will also be added to settlement agreement. Plaintiff makes clear to the defendant, what ever the end number amount owed to (A.D.O.C.) inmate trust account is, and back money's-paid off already, will be the amount to be re-quested for this section to be settled. This will bring plaintiff somewhat "whole" again being out of dept. These agreements will be provided by authorities under federal law; See 28 USC § 1346 (b); and 8th Amend. to U.S. Const.. See Cofield-v-Alabama Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991). In this case, if necessary a Spears hearing should be held. See Spears-v-McCotter, 766 F.2d 179 (5th Cir. 1985).

(7)

## Appropriate Remedies for Prison Conditions
See 18 USC § 3626 (a)(1)(B)(i)(ii)(iii) (3)(ii) (c)(i) "Modification of Relief § (4)(c)(1)(2) (B)(d)."

In a joint effort to resolve this complete case, to make the plaintiff somewhat "whole again", plaintiff will relinquish all defendant's to be joined to this case with Dr. Villanustre that are named in Arizona, (A.D.O.C.) to include GEO--Group, Inc.; CMS medical at (N.C.C.F.) and (N.C.C.F.) Inc., itself, upon the following as is stated by plaintiff below:

**1)** The cause and effects by Arizona defendant's in plaintiff's complaint are consistent with violations of the 1st, 8th, 14th Amend. to U.S. Const., and for purposely preventing plaintiff to engage in his protected (afforded) rights to redress and delayed that process to include hindering access to the Courts under state tort claim. The actual "special damages and general damages" in 'A.D.O.C.'s consequences include both these damages which resulted in actual dollars & cents value concern pain & suffering, emotional distress, and humiliation, and plaintiff's substantive constitutional rights have been violated accord (A.D.O.C.) retaliation against plaintiff, therefore —

(8)

- plaintiff is entitled compensatory damages pursuant to (A.D.O.C.) involvement in this case, and plaintiff will prove at a trial said violation, and will prevail thereto, exposing all subject matter to media & the public "eye" on the internet naming all parties and violations that caused plaintiff to sit around for year's without appropriate medical treatment based on Indian defendant's "Bad Calls" to reduce medical cost's, accord prisoner's treatments. (Both Indians & Arizona Defendant's working together to hide this).

To resolve this case in full, as of this time, before this case will get costly for both the plaintiff and defendant's, and before the new defendant's are added & A.D.O.C. is joined with Dr. Villanustre, plaintiff makes the settlement proposal for the attorney's office of Colemen Stevenson & Montel, to Contact A.D.O.C. - legal offices to make a join effort to meet this "proposal" outlined below to resolve this case once and for all.

A) Plaintiff is serving a "Flat time" sentence in the (A.D.O.C.), and accord the statute is not afforded earned release credits, per say, unless the Director of (A.D.O.C.), Charles L. Ryan, authorizes the release of plaintiff pursuant to A.R.S. § 41-1604.10, § (A)(1) & (3). Their are rules that the (A.D.O.C.) -

have adopted that will give authority under plaintiff's circumstances to be provided medical treatment that (A.D.O.C.) will not provide or pay for, such as permanet dentures, in a surgery for plaintiff.

B). The award to plaintiff by (A.D.O.C.) will be, "Nominal damages" of "one dollar" and to be granted parole eligiblity pursuant to: A.R.S. § 41-1604.10. §(A)(1) & (3) — see mainly § (3) — and (A.D.O.C.) applying any rules they have adopted to afford early release credits to be applicable to plaintiff's sentence, so he may received appropriate medical surgery, will also provide safety issue and plaintiff flat time sentence is almost expired in 2019, (plaintiff is being released from prison), will satisfy this requirement to repair plaintiff to be returned to somewhat being "whole again". Plaintiff is not asking for absolute release, & because of dangerous nature of his offense, is requesting to be placed on "parole for the remaining amount of his time until 2019." Plaintiff will be required to pay parole fee's and costs thereto, and report to parole officer and must follow all rules and laws thereto, based on his release under the above mentioned sections, mentioned or any special requirements agreed to, to

(10)

- be placed on parole set forth by the Director of (A.D.O.C.), after plaintiff serves 75% of his time.

C) To satify the plaintiff to be somewhat "whole" again, plaintiff asked for compensatory damages, to defendant Dr. Villanustre, in the amount (directly to Dr. Villanustre) of: $50,000.00 "Fifty thousand dollars" for pain and suffering, emotional distress for past, present effects on disfigurement for life long debilitation effects, lack of enjoyment of eating and humiliations caused based on claims set-forth to resolve his liability in this subject matter and to relinquish liability's for all defendant's upon said agreements, and plaintiff is required to pay any restitution retention with this award by Dr. Villanustre, to resolve said restitution owed by plaintiff accord Title 28 U.S.C. § 1346, see PLRA § 807. This will also help plaintiff to satify his parole eligilbity efforts to be granted by the (A.D.O.C.) Director, to include satifying the inmate trust account money owed thereto.

D) To satify, A.R.S. § 31-238, § (P), plaintiff proposal in accord to any amount of money agreed upon herein by Dr. Villanustre, will not accept settlement unless a join effort—

(11)

- is established to waive A.R.S. § 31-238(F), by (A.D.O.C.) Director, to per-say satisfy plaintiff's interest to becoming somewhat - "whole again". The plaintiff will not pay (A.D.O.C.) 70% or 80% or any per-cent upon any agreement herein. This must be clarified in any settlement. The (A.D.O.C.) representative must provide waiver of §-31-238(F) in an Affidavit upon settlement.
note: Pay all Filing Fee's in District Court in Tucson.

Conclusion:

The plaintiff is establishing a means to resolve this case completely, finally, once, & for all, to prevent any further costs to defendant's, and plaintiff, to include the District Court. The plaintiff is "opening a line of communication" to negotiate as a matter of judicial economy to resolve this case completely.

Respectfully Submitted:
Thomas M. James

Thomas M. James, ADC #98106
Plaintiff In Pro Per

# ARIZONA DEPARTMENT OF CORRECTIONS
## Health Needs Request (HNR)


Date: ___ Time: ___ Initials: ___

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| JAMES, Thomas, Michael | 098106 | 2/12/2014 |

| Cell/Bed Number | Unit | P.O. Box | Institution/Facility: ASPC |
|---|---|---|---|
| 6-A-6 | Mohave north | 5002 | ASPC-Douglas |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action. (Use this form to describe only one problem or issue at one time).

**AREA OF INTEREST** (Check only one block below): ☐ Medical ☒ Dental ☐ FHA ☐ Pharmacy ☐ Mental Health ☐ Eyes ☐ Other (specify) ___

About 3-weeks or so ago I received my Bottom Denture; Since then I've tryed to eat w/th my denture's (Top & Bottom) and the Bottom Denture Keeps Poping-out (can't eat with it in). They may need to be alined more. Putting presure on the dentures to chew creates "pains" on the left side of my face (mandable)- and on the right Jaw Joint near my ear (I get sharpe shooting Pains). Please call me in to alline denture more; I dont think I will ever be able to eat with these types of dentures, like I told you before. Thank you.

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee (excluding exemptions granted by statute) for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment.

Inmate's Signature: Thomas M. James

**REFERENCE MEDICAL STAFF:** ☐ Medical ☐ Dental ☐ Pharmacy ☐ FHA ☐ Mental Health ☐ Eyes ☐ Other

Comments: ___

Staff Signature Stamp: ___ Date: ___ Time: ___

**PLAN OF ACTION**

Staff Signature Stamp: ___ Date: ___ Time: ___

1101-10ES
10/1/09

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

| | | | |
|---|---|---|---|
| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
| JAMES, Thomas, M | 98106 | ASPC-Douglas, G-A6 | 1/21/14 |

To: Ms. Debraha Kindra
Location: ASPC-Medical Admin. Dept. Douglas Az.

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Please call me in to talk about filling out a release form for my medical files + records to include all of Dr. Quintia's files + X-rays etc. on me. At that time we can discuss why I was cut off of my med "pain relief" prescriptions as of last month. Thank you very much.

Inmate Signature: Thomas M. James
Date: 1/21/2014

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: med. Dept. told me write ms. Kindra.

Distribution: Original - Master Record File
Copy - Inmate

916-1
5/14/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| JAMES, Thomas, M | 98106 | ASPC-Douglas-M-North | 2/20/14 |

**To:** MR. Frank Havelock
**Location:** Central office Bank-Read-out Inmate trust account

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Hello, my name is Thomas M. James, ADC #98106, and am located at ASPC-Douglas, Mohave North unit, in Douglas, AZ, 85608 and am requesting a inmate trust account read-out from 3/of 2007 to date, to comply with federal court order to disclose said information to defendants in Civil action in Indiana; the request also incurr's a posible settlement to resolve this retension money's held in my account to hopefully pay this off and 0 (zero) out my account.

Finally, I had requested verbility here in Douglas to do this, but must of been forgotten which I'm now requesting central office to do this formally in writting. Thank you very much for processing my request to you.

P.S.: I need this read-out as soon as possible.

**Inmate Signature:** Thmas M. James
**Date:** 2/20/2014

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: C.O. III N. mohave unit.

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

Distribution: Original - Master Record File
Copy - Inmate

916-1
5/14/12