UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS M. JAMES, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 1:13-cv-00541-WTL-TAB |
| LORENZO ELI, M.D., and<br>NICHOLAS P. VILLANUSTRE, M.D. | ) |
| Defendants. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED CIVIL RIGHTS COMPLAINT

Comes now the Defendant, Lorenzo Eli, M.D. ("Dr. Eli), by counsel and for his Answer to Plaintiff's Second Amended Civil Rights Complaint states:

### I. Parties

Dr. Eli lacks sufficient information to admit or deny the current whereabouts of Plaintiff. Dr. Eli admits that he previously worked for Correctional Medical Services at the New Castle Correctional Facility. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in the remainder of this section of Plaintiff's Complaint.

### II. Jurisdiction

Dr. Eli admits that this Court has jurisdiction over the federal claims raised in Plaintiff's Complaint.

### III. Basis for Claims

Dr. Eli denies that he violated Plaintiff's Constitutional rights.

### IV. Claims

1. Deny.

2. Deny**.**

3. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

**Claim I**

1. Dr. Eli lacks sufficient information to admit or deny the specifics of Plaintiff's criminal and incarceration history.

2. Dr. Eli lacks sufficient information to admit or deny.

3. Dr. Eli lacks sufficient information to admit or deny.

4. Dr. Eli lacks sufficient information to admit or deny.

5. Dr. Eli lacks sufficient information to admit or deny.

6. Dr. Eli lacks sufficient information to admit or deny at this time.

7. Deny.

8. Deny.

9. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

10. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

11. Dr. Eli lacks sufficient information to admit or deny at this time.

12. Dr. Eli lacks sufficient information to admit or deny at this time.

13. Dr. Eli lacks sufficient information to admit or deny at this time.

14. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

15. Dr. Eli lacks sufficient information to admit or deny at this time.

16. Dr. Eli lacks sufficient information to admit or deny at this time.

17. Deny.

18. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

19. Dr. Eli denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

20. Deny.

**Claim II**

1. Dr. Eli lacks sufficient information to admit or deny at this time.

2. Dr. Eli lacks sufficient information to admit or deny at this time.

3. Deny.

4. Deny.

5. Deny.

6. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

7. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

8. Dr. Eli lacks sufficient information to admit or deny at this time.

9. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

10. Deny.

11. Deny.

12. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
13. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
14. Deny.

## Claim III

1. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
2. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
3. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
4. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
5. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
6. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
7. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
8. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

9. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
10. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
11. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
12. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
13. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
14. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
15. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
16. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
17. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
18. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.
19. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

20. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph.

21. Dr. Eli lacks sufficient information to admit or deny at this time; however, he denies anything that may directly or indirectly allege wrongdoing on his part in this paragraph and sub-parts.

## V. Previous Lawsuits and Administrative Relief

Dr. Eli lacks sufficient information to admit or deny at this time whether Plaintiff has filed previous lawsuits or whether he properly exhausted his available administrative remedies.

## VI. Previously Dismissed Actions or Appeals

Dr. Eli lacks sufficient information to admit or deny at this time whether Plaintiff has any previously dismissed actions or appeals.

## VII. Request for Relief

1. Deny.
2. Deny.
3. Deny Plaintiff is entitled to punitive damages.
4. Deny.
5. Deny.
6. Deny Plaintiff is entitled to injunctive relief and deny all sub-parts.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint, that judgment be entered in Defendant's favor, for the costs of this action, and for all other just and proper relief in the premises.

## **AFFIRMATIVE DEFENSES**

For his Affirmative Defenses, Dr. Eli states the following:

1. Plaintiff's claim is barred or reduced accordingly based on his contributory negligence and/or comparative fault.

2. Defendant did not proximately cause Plaintiff's damages or injuries, if any are found to exist.

3. Defendant's care of Plaintiff met or exceeded the standard of care.

4. Dr. Eli is a qualified healthcare provider under the Indiana Medical Malpractice Act, Indiana Code 34-18 *et seq.*, and is entitled to all rights, privileges, limitations, liability limitations, defenses, and immunities thereunder.

5. Plaintiff may have failed to mitigate his damages, if any are found to exist.

6. Plaintiff may have failed to exhaust his administrative remedies.

7. Defendant was not deliberately indifferent to Plaintiff's medical needs.

8. Defendant asserts any affirmative defenses raised by any co-defendants.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint, that judgment be entered in Defendant's favor, for the costs of this action, and for all other just and proper relief in the premises.

## REQUEST FOR JURY TRIAL

Comes now the Defendant, Dr. Eli, by counsel, and requests a trial by jury as to all issues so triable.

Respectfully submitted,

/s/Jeb A. Crandall
Jeb A. Crandall, #26323-49
Attorney for Lorenzo Eli, M.D.

Jeb A. Crandall, #26323-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365
(317) 567-2222
Fax: (317) 567-2220
jeb@bleekedilloncrandall.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Gerald B. Coleman
> Coleman Stevenson Montel, LLP
> gcoleman@csmlegal.com

I hereby certify that on April 22, 2014, a copy of the foregoing was mailed, by first class mail U.S. Mail, postage prepaid and properly addressed to the following:

> Thomas M. James #98106
> Arizona State Prison
> ASPC-DOUGLAS
> Moshaue North
> P.O. Box 5002
> Douglas, AZ  85608

/s/Jeb A. Crandall