UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS M. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-541-WTL-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| LORENZO ELI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Thomas James, a former inmate of the New Castle Correctional Facility, brings this lawsuit alleging that the defendants were deliberately indifferent to his need for treatment for an injury to the left side of his head and jaw. Defendant Nicolas P. Villanustre, a doctor who provided Mr. James with a surgical evaluation for these injuries, moves for summary judgment.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, neither the "mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts

will defeat a motion for summary judgment." *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000) (internal quotes omitted). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price,* 615 F.3d 877, 881 (7th Cir. 2010).

While he has presented the Court with various motions and other pleadings, some of which argue that Dr. Villanustre was deliberately indifferent to his medical needs, Mr. James has not presented a response to the motion for summary judgment, a statement of material facts in dispute, or any evidence in opposition to Dr. Villanustre's motion for summary judgment. The consequence of this is that the plaintiff has conceded Dr. Villanustre's proposed facts insofar as they are supported by the evidentiary record. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The following statement of facts is assessed consistent with the standard set forth above. That is, as the summary judgment standard requires, the undisputed facts are presented in the light most favorable to Mr. James as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

On January 2, 2008, Mr. James visited the Emergency Room at Wishard Memorial Hospital for left jaw pain. Mr. James was seen by Dr. Hal J. Minnigan. He was diagnosed with a jaw fracture. Mr. James was prescribed hydrocodone, acetaminophen and chlorhexidine oral rinse. Mr. James was referred for a plastic surgery consult appointment for Monday, January 7, 2008.

On January 7, 2008, Mr. James saw Dr. Villanustre for an initial surgery evaluation. Dr. Villanustre noted, among other things, that Mr. James had minimal swelling on the left angle of the jaw and complained of pain in the area. Dr. Villanustre noted, "considering the length of time since the injury and the good function of the jaw and the normal occlusion, we decided at this point for two (2) weeks of soft diet and follow-up in our clinic with a panorex in two (2) weeks." Dr. A. Cohens reviewed Mr. James's CT scans. Dr. A. Cohens noted, among other things, the diagnosis of a left condyle fracture, anteriorly displaced. Dr. A. Cohen also noted good function and a soft diet. Finally, Dr. A. Cohens stated that "I don't feel surgery will improve this."

### III. Discussion

Dr. Villanustre moves for summary judgment arguing that he was not deliberately indifferent to James' serious medical needs. A claim of deliberate indifference "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is objectively serious if "a reasonable doctor or patient" would deem the condition "important and worthy of comment or treatment." *Hayes v. Snyder*, 546 F.3d 516, 523–24 (7th Cir. 2008) (quotation omitted). Deliberate indifference to the serious medical need exists only when an official "knows of and disregards an excessive risk to an inmate's health; the

3

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Arnett*, 658 F.3d at 751 (citing *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir. 1998)). A plaintiff can show that a medical professional disregarded his serious medical need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that "no minimally competent professional would have so responded under those circumstances." *Arnett*, 658 F.3d at 751.

Here, Dr. Villanustre does not dispute for purposes of summary judgment that Mr. James's fractured jaw constituted a serious medical need. He argues, however, that he was not deliberately indifferent to that need. Dr. Villanustre examined Mr. James once, on January 7, 2008. Based on the examination, Dr. Villanustre concluded that Mr. James did not need surgery and recommended a soft diet for two weeks. This conclusion was corroborated by another doctor. Based on these facts, a reasonable jury could not find that Dr. Villanustre disregarded Mr. James's injury. Under the Eighth Amendment, Mr. James is not entitled to the best care possible or to demand specific treatment. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997). Moreover, a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard." *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003). At most, Mr. James has alleged that Dr. Villanustre was negligent, but "[d]eliberate indifference is not medical malpractice; the Eighth Amendment doesn't codify common law torts." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008). Dr. Villanustre is therefore entitled to summary judgment on Mr. James's claims against him.

## IV. Conclusion

Mr. James had the burden to come forth with evidence to show that Dr. Villanustre was deliberately indifferent to his serious medical needs, and he has failed to do so. *See Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir.2003) ("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (quotation marks omitted). Accordingly, Dr. Villanustre's motion for summary judgment [dkt 33] is **granted**. No partial final judgment shall issue with respect to the ruling in this Entry.

**IT IS SO ORDERED.**

Date: 9/18/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas M. James, 98106
Arizona State Prison
ASPC-Douglas
Moshaue North
P.O. Box 5002
Douglas, AZ 85608

All electronically registered counsel