## Memorandum of Law

No: 1:13-CV-541-WTL-TAB

### Statement of the Case Issues:

Pursuant to Rule 56; Rule 42; Rule 12(g); Rule 62(b)(4), F.R.C.P., plaintiff set forth all concerns in his Declaration objections, response to Entry's on: 9/18/14 and 9/23/14, also involves persons not directly involved (underlying issues) in this plaintiff's count had interfered with access to court, self representation upon non-disclosure of St. Mary's Hospital and Dr. Quintin's medical records depicting information to respond to defendant's Summary Judgement motion has prejudiced plaintiff's process to pre-trial-schedule, where prison library was not -open- prior to 9/8/14. (attachment #1) (I.d.) at (Declaration herein at: #4, #5, #6, #7, #8).

Not allowing plaintiff to show cause with medical disclosures to argument in Summary Judgement process, Rule 56, supra, or given to plaintiff the additional discovery in order to respond to said summary judgement motion is abuse of discretion. Farmer-v-Brennan, supra, at (Declaration (I.d.) #7). see also (#8, #9, #10). upon plaintiff requesting court to resolve problem before the court. (I.d.) at (#1-footnote, and #11, plaintiff preserving claims at: (I.d.) #12 - threw #17).

(1)

FILED U.S. DISTRICT COURT INDIANAPOLIS DIVISION 2014 OCT 24 PM 2:08

Even though the Court does not have jurisdiction over Arizona prison staff, the Court has jurisdiction over plaintiff in this matter. The hindering of plaintiff's medical file from Dr. Quintia and St. Mary's hospital- will show the disputed facts and the postponed action here are denial of process to complete discovery requests to the plaintiff have taken place and injury that are presented, to toll time to gather (permit) plaintiff to give a more competent response to defendant's summary judgment motion. See Rule-56(e), supra. The documents will support the plaintiff allegations. Rule 56(c), which here this court conducted independent Review. U.S.-v-Koreh, 59 F.3d 431 (3rd Cir. 1995). The lapps of pre trial-schedule was not the plaintiff's fault. All justifiable inferences are to be drawn in favor of the movant see U.S.-v- One Parcel Property, 894 F.Supp. 397 (D. Kan. 1995).

Material facts under dispute:

    Plaintiff only knows first hand what Dr. Quintia told him upon visits to his office, but, the records on medical files for plaintiff from Dr. Quintia will provide the detailed information under dispute to move to trial. (I.d.) (Declaration in support herein, at: #1 to #9, respectfully). Deliberate indifference- to a prisoner's serious medical needs violates the-

(2)

eighth Amendment because denying or delaying (like Dr. Eli did), medical treatment is tantamount to "unnecessary and wanton infliction of pain." Brown-v-Hughes, 894 F.2d 1533 (11th Cir. 1990); Hemmings-v-Gorczyk, 134 F.3d 104 (2d Cir. 1998). But see Johnson-v-Bowers, 884 F.2d 1053 (8th Cir. 1989), held, "the nine-year delay since the original recomendation of surgery, including the year that has elapsed since trial, suggests that the prison has exhibited deliberate indifference to plaintiff's medical needs". Here, Dr. Quintia told plaintiff that the needed surgery should have been done when looked at in/or on January of 2007 His (Quintia's) diagnoses told to plaintiff was if he had seen this when Dr. Villanustre did, he would have preformed the surgery to repair the injury and correct the jaw-line. He (Quintia) did not believe or understand why this surgery was not done at Wishard hospital? The actual intent of recklessness is failure to preform the surgery before it causes complications and can never be done, created substantial health risks pain and suffering — which doctors know would be apparent to a reasonable person in his position, which would be another Doctor (Quintia).

(3)

the denial of care to save money and the years passed by - denial of adequate standard of care is unreasonable to any person constitutes deliberate indifference. Plaintiff condition worsens every day and eating will never be the same. <u>Roman-v--Koehler</u>, 775 F. Supp. 695 (S.D. N.Y. 1991). Failure to treat plaintiff constitutes inadequate medical care, this is why defendant's would never hire specialist to testify at any future trial. <u>(I.d.)</u>. Plaintiff lives today with pain and suffers those pains daily, also constitutes deliberate indifference. Regrettably to the plaintiff, this case is not about correcting the misdeed, it's about saving face and money, for defendants. <u>Ruiz-v-Johnson</u>, 37 F.Supp. 2d 855 (S.D. Texas 1999), see "<u>Footnote #8</u>" The inhumane treatment here is a life long living with after affects of migrains and pain to the jaw and face. This maltreatment should be deemed unconstitational treatment. <u>(I.d.)</u>.

<u>Grievance Process In Arizona</u>

    Plaintiff does not intend to file grievances on library and legal Box Issue, and will do so only if he can not resolve this problem with the help of plaintiff's count, or on his own. Plaintiff will be filing-

(4)

-timely informal resolutions to subject matters, and will up-date the court on it's progress. The access of the court, self representation claims directly effects the out come of these proceedings, so the court can comment to prison officials about these interferences being of a constitutional due process violation if they contitute, further denials to plaintiff. Cook-v-Winfrey, supra, See (Declaration at: #1-threw #11), respectfully (I.d.) (at #9 and #16). Bridges-v-Russell, 757 F.2d 1155 (11th cir. 1985); Green-v-Johnson, 977 F.2d 1383 (10th cir. 1992); Madewell-v-Roberts, 909 F.2d 1203 (8th cir. 1990); Thaddeus-v-Blatter, 175 F.3d 378 (6th cir. 1999), supra. See finally, Gavin-v-Branstad, 122 F.3d 1081 (8th cir. 1997); (case's cited above cite 1st Amend. access to court standards, retaliation on nonfrivolos allegations - interferences by state or federal prison officals). And See Wolff-v-McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974), "It is futile to contend that Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great writ."

Put up or shut up process:

Plaintiff contends the disclosure of DR. Quintia, St. Mary's hospital will-

(5)

clarify circumstances under dispute here before the Court in an appropriate manner. The disclosure of this final sections of medical files are necessary for all parties under subject matter dispute to formulate a competent conclusion. Equitable tolling pre-trial-schedule for disclosure process, e' response to Summary Judgement motion would be appropriate. See (Equitable Tolling et' Blacks law Dictionary (7th ed.) pg. #560).

Plaintiff contends fairness under due process, e' equal protection of the law is appropriate in those matters. If the Court deny's equitable tolling requests, then a stay of all proceedings is appropriate based on appealing all violations asserted will consum plaintiff's time to get back his "legal material", and prepare to file documents in Court of Appeals, supra. See (Attachment #8, et' Declaration). See also Rule 62(h), F.R.C.P.. Based on all of the foregoing, plaintiff was hindered access to "put up" the competent evidence to proceed to trial and prevail thereto, but based on the known "Dirty tricks" - and going on's by the prisons administrations to prevent liablity claims "And it does happen", to prevent plaintiff's favorable results - "for plaintiff to shut-up", is defendants hopeful conclusion.

(6)

This is the time to resolve this extraordinary circumstances, <u>Liljeberg-v-Health Svcs. Acquisition Corp., 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988)</u>, "Rule 60(b)(6), "attacks" defects in the integrity of federal proceedings, is interpreted narrowly, permitting relief only in extraordinary circumstances." (I.d.)

<u>Requested Relief:</u>

#1) Enter it's order granting equitable tolling for pre trial-schedule concerns already requested by plaintiff for defendants to comply with plaintiff request for Dr Quintia and St. Mary's medical records, <u>supra</u>, on the plaintiff to respond to Summary Judgment motion, which that time will also be tolled based on good cause reasoning. <u>Farmer-v-Brennan</u>, supra, and

#2) Clarify in said order the <u>1st Amend to U.S. Const.</u>, and self representation concerns that are guaranteed to plaintiff, and because this is plaintiff's count, plaintiff is required to respond to this Counts orders, and if so any prison staff interferes with plaintiff's constitutional rights to access to the Count,

(7)

- can be subject to suit.

#3) If this Court desides to disgard plaintiff's requests herein, then enter it's order to stay all proceedings based on underlying claims of retaliation and interference by prison officals, so plaintiff may resolve and exhaust the grievance process for any possible Amendment to this §1983 action; and so plaintiff may appeal all denials as is appropriate under 14th Amend. to U.S. Const., due process clause. See Rule 62, F.R.C.P., supra.

#4) Enter it's order to deem all appropriate relief this court finds necessary to resolve these issues before the Court, in the interests of justice, to correct any misunderstandings and or mistakes.

Respectfully Submitted on: October 10th, 2014.

Executed By: _Thomas M. James_
Thomas M. James, DOC # 98106
Plaintiff In Pro Per

(8)

## Certificate of Service

I, Thomas M. James, ADC #98106, hereby certify the foregoing documents:

#1) Plaintiff's Declaration/Response, & objections Pursuant to Courts Entry's: 9/18/14 and 9/23/14 - with Memorandum of law and Exhibits In Support (attachments #1 threw- -#8) Rule 62 (h); Rule 42, F.R.C.P.

were sent out via-legal mail, postage prepaid From: ASPC- Douglas, Mohave North, P.O. Box- -5002, Douglas, Arizona 85608, TO:

Original Copy TO:
Clerk of the Court

Copy TO: Hon. William T. Lawrence, Judge.
at: U.S. District Court
Southern District of Indiana
105 U.S. Courthouse, 46 E. Ohio Street
Indianapolis, Indiana 46204

Copy TO:
BleekeDillon Crandall
8470 Alison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365

(1- of -2)

Copy to:
Colem Stevenson, LLP
9101 Wesleyan Road, Suite 100
Indianapolis, Indiana 46268

Original Notice with all documents served herein to: (see attachment #8-Declaration).
Clerk of the Court
United States Court of Appeals
For the Seventh Circuit
Room 2722
219 South Dearborn Street
Chicago, IL 60604


Respectfully Submitted on: October 10th, 2014.

Executed By: Thomas M. James
Thomas M. James, #98106
Plaintiff In Pro Per