Thomas M. James
ADC# 98106
ASPC- Douglas
Gila-Unit-24-71
P.O. Box 5003
Douglas, Az
   85608

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2015 JAN 14 PM 3:34
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

United States District Court
Southern Distist of Indiana
Indianapolis Division

| | |
|---|---|
| Thomas M. James, | NO: 1:13-CV-541-WTL-TAB. |
| Plaintiff, | |
| v. | Plaintiff's Brief In Support |
| Dr. Nicolas Villanstre, | Of Summary Judgment Motion |
| Dr. Lorenzo Eli, et. al., | Rule 56, Fed. R. Civ. Proc. |
| And All Others Acting In | |
| Concert, (ABC-XYZ, corp.), | Hon. William T. Lawrence, Judge. |
| Respondents. | |

Comes Now, plaintiff and hereby submits his delayed response, brief in support of summary judgment motion on defendant Dr. Villanustre claims and denials submitted on 1/28/2014.

I. Statement of material facts under Dispute:

Plaintiff submits that all times and details to his visit to Wishard hospital care are correct, as submitted by defendant Villanustre in brief in support at: pg.#1, to pg.#2; plaintiff contents that a dispute still exists under performance measure for emergency care for serious injury is primary concern under standard for deliberate indifference, because professional-- judgment by doctor is shown in various ways, as is argued below. See also, (Plaintiff Summary Judgment motion at pg.#3, & pg#4). And see Affidavit of Thomas M. James, #98106, at (Appendix, Attachment--#1, enclosure #1, see sections, #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11-all escilate how injury to toenail had created fall down steps, see #11, #12, #13, - delay in treatment for emergency care for serious injury, §14, #15 - on point to this claim on delay, §16, and §17 - the continuing complication of medical judgment and it's after effects long standing problems that affects over all quality of life daily, #18, - Dr. Quinta's statement of "Non-Treatment" supra, #19 - non-compliance with care caused plaintiff to have all teeth removed and injury impedment prevents convention denture to be used appropriately, #20, #21, #22, #23, #24, #25).

Plaintiff further submits that his contentions all along were based on evidence that delays occurred with his medical treatment is proof of deliberate indifference.

(2)

## II. Summary Judgement Standard / Deliberate Indifference.

The role of a judge at Summary Judgement stage is not to weight evidence, but to determine whether there is genuine issue of material fact. See *City Management Corp. -v- U.S. Chemical Co. Inc.*, 43 F.3d 244 (6th cir. 1994). Dismisal of summary judgement is harsh penalty and therefore, should only be imposed in extreme circumstances. *Hernandez -v- city of El Monte*, 138 F.3d 393 (9th cir 1998).

Deliberate Indifference by prison personnel or [a] person contracted by [prison] to an inmate's serious injury constitutes cruel and unusal punshment under the eighth Amendment. *Estelle -v- Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference consists of [prison] doctor (Dr. Eli) in there delyed response to plaintiff's injury and/or has delayed acess to emergency treatment and/or interfering with a prescribed treatment upon being timely, the inmates constitutional rights are violated. Dr. Villanustre unexplained delay of week to do follow-up care for serious injury, states a prima facie case of deliberate indifference. *Brown -v- Hughes*, 894 F.2d 1533, 1538 (11th cir. 1990), "Four hour delay in treating broken foot" cert. denied, 110 S.Ct. 2624 (1990). *Robinson -v- Moreland*, 655 F.2d 887, 889-90 (8th cir. 1981), "weekend's delay in treating broken hand consistutes deliberate Indifference."

(3)

Summary Judgment is appropriate when the facts are not in dispute and the moving party is entitled to summary judgment as a matter of law. See <u>Orme School -v- Reeves</u>, 166 Ariz. 301, 802 P.2d 1000 (1990). "Motions for summary judgment should be entertained where the pleadings, depositions, and admissions on file, together with the [defendant's] affidavits, if any, show that, except as to the amount of damages, there is no genuine Issue as to any material fact." <u>Northern -v- Elledge</u>, 72 Ariz. 166, 170, 232 P.2d 111, 113 (1951); <u>Baugus -v- Brunson</u>, 890 F. Supp. 908 (E.D. Cal. 1995); <u>Tolentino -v- Friedman</u>, 46 F.3d 645 (7th cir. 1995), "Summary judgment is not granted, unless there are no triable Issues." See also <u>Rule 56 (e), Fed. R. Civ. Proc.</u>. Plaintiff submits his <u>Appendix- Attachment #1 to #6</u> as in those "attachments" are genuine sufficient evidence that will permit a reasonable jury to grant relief in plaintiff's favor. <u>Anderson -v- Liberty Lobby Inc.</u>, 477 U.S. 242, 249, 252 (1986); <u>Karazanos -v- Navistar Int'l Trans Corp.</u>, 948 F.2d 332, 338 (7th cir. 1991).

<u>III. The Burden of Default To File Timely Response to Defendant's motion for Summary Judgment Is constituent To Interference by (A.D.O.C.).</u>

§A)

Plaintiff contends that the constraint on his —

(4)

-ability to move freely on high-level-3-yard at ASPC-
-Mohave Unit, can be constative by this court upon
evidence relating to retaliation claim which has
been on going in this action to prevent plaintiff
from filing and/or formulating timely grievance
process, is a delay, as found at (Appendix-
-attachment #5, enclosure #1, see documents in
section thereto, Doc. #1 to Doc. #98). See
Crawford-El-v-Britton, 523 U.S. 574 (1998). Here,
plaintiff has shown evidence in Appendix, att. #5,
which is clear and convincing evidence that the
grievance process has taken over a year to be final.
See (Appendix, Attachment-#4, at enclosure #4, #5, #6,
#7-"claim the truth of the matter plaintiff did not get in
a fight"). Simply put, the record of the evidence
support plaintiff's allegation of retaliation on him
by (A.D.O.C.) staff is long standing. The constitutional
claim is interfering to self representation and to
Access to the Courts. Benavides-v-Bureau of Prisons,
993 F.2d 257 (D.C. Cir. 1993). Because this underlying
claim can be established, plaintiff further contends
that retaliation contributed to filing a timely response
to defendant's summary judgment motion, to "put up
or shut up" and based on Defendant failing to
disclose all requests to production of documents,
Interrogitories, (Id.)(Appendix-att. #1, enclosure #7, at
pg. #2, §3); Farmer-v-Brenann, 511 U.S. 825 (1994)-
-claim, and because between July and September-

(5)

- of 2014 - plaintiff was subjected to strick Lock-Downs, on his prison-unit ordered by administration to do "shake-Downs" on three different events, that had happened at three different time's - and during those shake downs - plaintiff's legal property - some of it, was seized, and then later was order by A.D.W. to hand over property box's during on/or before and time to file his response, supra.

Plaintiff's condition of confinement played a roll in responding to defendant's motion and "he" has alerted the court on these subjects, where the court has not cited it's opinion.

Plaintiff contends that because their is a strong persumption of evidence to prove deliberate indiff-erence here with this defendant, it would not surprize plaintiff that the taking of legal material here was done to prevent plaintiff from filing a timely response. Dr. Quintia knows that their is a substantial risk of serious harm later in life for plaintiff because he was not treated appropriately at wishard hospital. Dr. Villaoustre is a professional and knows this risk as well. See (Appendix-attachment-#5, Enclosure #1, Doc. #43; see also M.R.I. at wishard hospital-enclosure #2, the clean out brake at that time could be repaired, but the cat-scans later taken show build-up on the bone - cause's a complex problem to preform surgery - is consistent with irrepairable injury). This is a dispute that plaintiff would prevail at trial.

(6)

It is also known to this court, niether Dr. defendant Eli or Villanustre complied with discovery orders to disclose all of Dr. Quintia's medical records on plaintiff, as mainly requested under dispute, to view Dr. Quintia's "cat-scans" on plaintiff to show them as evidence to support "untreated broken--bone" and now "irrepairable injury", with life long future complications for plaintiff. Under these standards of Statutory Tolling / equitable Tolling, this court may grant conditional relief and reach the merits of plaintiff untimely response to Summary Judgement. Anderson, 477 U.S. at 256. And see West-v-Atkins, 487 U.S. 42, 50-52 (1988). "Phsican acted under color of state law when providing medical services to prisoner." See also (Plaintiff's Reply filed on: 12/30/2014, Subject matter both Dr. defendant's failed to comply with discovery disclosure order by this Court, Rule 37, Rule 60, Rule 62, Rule 55, Fed. R. Civ. Proc). The subject not dis--closed is Dr. Quintia's "cat-scans for viewing" and inspection by plaintiff and Court. (I.d.) see also, (Appendix-attachment #4, enclosure #6). And see (I.d.)(enclosure #8, Freedom of Information Act-non-compliance - news clip). To be fairly presented, all discovery disputes trump rulings on summary Judgment orders, and for that alone, the Court may reverse it's order granting Dr. Villanustre Summary Judgment to reach a conclusion on the —

- Plaintiff motion for summary Judgment in his favor.

§B). Statutory Tolling.

Plaintiff's request to reverse defendant's order grant summary judgment can be done, and simply put, the request consists of the Court applying statutory Tolling; First because his requests come with evidences of interference by Az. state officals for a long period of time; and Second, and most importantly, to [be] a "predicated" on plaintiff's discovery requests that have not been fulfilled. Dr. Quintias evidence in cat-scans will proffer to support plaintiff's claim of deliberate indifference second the "ugly" after affects, disfigurement and had caused an irrepairable injury, and once the court can see both the original M.R.I. together, and/or "next to cat-scans done years later", the Court will conclude the same.

Accordingly, this Court may warrant conditional relief by reversing it's own order (I.d.) (Appendix-Attachment #1, enclosure #6), because based on the evidence(s) presented herein plaintiff is entitled to statutory Tolling.

§C). Equitable Tolling.

Because plaintiff is entitled to a fair discover and disclosure process, he is —

(8)

then entitled to Statutory tolling upon said evidences, (I.d.) supra, the court can consider together, whether Plaintiff is entitled to equitable tolling. Plaintiff submits he is entitled to equitable tolling on those subjects. Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a document [petition, motion, Reply] on time." Calderon-v-U.S. District Ct. (Kelly), 163 F.3d 530, 541 (9th cir. 1998). "When external forces, rather than a [petitioners] lack of diligence, account for failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." In Miranda-v-Castro, 292 F.3d 1063, 1066 (9th cir. 2002), the ninth Circuit found extraordinary circumstances, are rare and generally limited to those in which a "Serious mistake by a government offical" or "Counsel of Record" or "Court prejudiced the plaintiff." See e.g. Harris-v-Carter, 515 F.3d 1051, 1054-57 (9th cir. 2008).

  Plaintiff only requests the Court to grant equitable tolling to this matter to reach the merits of the Summary Judgment in this case with all disclosures in as evidence, so the court may make an informed conclusion on the case, whether or not to set it for trial. Farmer-v-Brennan, supra, & Anderson, supra.

(9)

§D) Delayed Discovery:

Statutory & equitable Tolling is applicable to delayed discovery disputes. The concept of delayed discovery has most frequently been applied in cases of medical (legal) malpractice. *Kenyon-v-Hammer*, 142 Ariz. 69 688 P.2d 961 (1984). The application of delayed discovery is sound when the court applies standard to this present case. Here, plaintiff's contention all along has been under the standard of care titled "objective Serious medical need". An objective serious medical need is "one that has been diagnosed by a physician as mandating treatment

or one that is so obvious" that even a lay person would easily recognize the necessity for a doctors attention." See *Zentmyer-v-Kendall County Illinois*, 220 F.3d 805, 810 (7th cir. 2000), quoting, *Gutierrez-v-Peters*, 111 F.3d 1364, 1323 (7th cir. 1997). And see *Farmer-v-Brennan*, 511 U.S. 825, 836 (1994) - "Requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoners health and safety". (I.d.) at: 837; *Zentmyer*, 220 F.3d at 811. Both Dr. Eli and Dr. Villanstre were aware of the seriousness of plaintiff's injury —

(10)

and were aware of making a timely diagnoses in compliance with performace measures that apply to "emergency-and-Urgent care provisions set in place under state & federal law and policy's thereto - "and Dr. Villanustre diagnosesed a professional Judgement call, not to treat plaintiff."

Plaintiff can support the ugly after affects of non-treatment with Dr. Quintia's Cat-scans, this is why they were never disclosed. Dr. Villanustre is therefore in default of plaintiff request for discovery- disclosure, Rule 55, supra. Because the plaintiff can establish ground to move for a trial under Rule 56, Interference on plaintiff helped defendant to win on Summary Judgement by (A.O.O.C.) staff because of diversity Jurisdictional matters will play a part of any settlement on defendants accord (A.O.O.C.) whom Insurance is covering plaintiff. Garner-v-Brennan, supra controls discovery requests, the plaintiff formally requested for said disclosure from defendant, objected to when defendant failed to disclose requests and this could be an oversight by the court. (Id.)(App.- Att.#1, enclosure #2). Equitable Tolling is appropriate here so plaintiff may aquire "Quintia's Cat-Scans for viewing as Exhibits" in this case, to resolve these on going disputes and controversies. See Eisler-v- United States, 338 U.S. 189, 194, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949). "on going controversies are not moot".

(11)

III. Tort Law.

Plaintiff submits 42 USC § 1983 claims are either contract or tort. See (Plaintiff motion for Summary Judgement at: pg. #4). Here, (I.D.O.I.) breached it's contract with plaintiff, (C.C.C.F.) (Geo Group Inc.) (CMS) (Wishard Hospital) and of course (A.D.O.C.) by failing to alert said parties they are not covered in the political subdivision group - as told to plaintiff when he filed his notice to claim with (I.D.O.I.). A holder of Insurance upon a claim filed with evidence to prove injury is under a mandatory offering, and by this the parties above are in violation to said coverage because said coverage for injury's should be part of contract. See (Appendix - Attachment #3, The Contract, (I.D.O.C.) with (A.D.O.C.) supra all parties in interest thereto, see contract at: pg. #26, § 46, to pg. #30). "Insurance Covers independent Contractors". OR all this can just look good on paper because it is a lie! So any decision as to which statute of limitations applies to an action is a matter of law. Hall-v-Romero, 141 Az. 120, 127, 685 P.2d 757, 764 (Ct. -App. 1984). Here the general rule is that the statute of limitations applicable to contracts governs actions based on Insurance policies. Transnational Inc. Co. -v- Simmons, 19 Ariz. App. 354, 507 P.2d 693 (1973).

When the issue involves procedural law only, courts are liberal in allowing the plaintiff to choose, and thus, in upholding the action -

(12)

in §1983 complaints in tort or contract. W. Prosser & W. Keeton, The Law of Torts §92 at 666 (5th ed. 1984). When a tortious wrong also amounts to a breach of contract, and as here the plaintiff sues for this breach of contract, his tort remedy is not barred merely because his breach of contract by Dr. Villanustre is barred or denied; See Annt. What Statute of Limitation Governs Action by Contractee for Defective or Improper performance of work by private Building Contractors, 1 A.L.R. -3d 914, 916-17 (1965). Because the six year statute of limitation applies to an Isured breach of contract action, against a defendant's performance under contract, as subcontractor, and (I.D.O.I) failure to make an offer, plaintiff respectfully requests that if this court does not reverse this order, to afford plaintiff opportunity to sue under Federal Tort Act. Federal Jurisdiction 28 U.S.C. §1367, see Felder -v- -Casey (S.Ct. 1998).

IV. Defendant Dr. Villanustre Argument In His Summary Judgement Motion Is Erroneous & mischaracterizes Plaintiff Delay claim & Confuses Standing In Clarifying Deliberate Indifference Standard As a matter of law.

Argument:

Plaintiff objects to defendant's argument at: Defendant's Villanustre's Motion For Summary Judgement-

(13)

-filed on 1/28/14 at pg.#3, to pg.#6. Although the part of the laws cited by defendant are correctly presented, his lawyer's creative interpretation is incorrect, on the complete interpretation of deliberate indifference standard under the law. (I.d.)(at pg.#5 to pg.#6); the sole conclusion of Dr. Villanustre's examination is based on a judgement call not to treat plaintiff. (I.d.) pg.#6.

Under the complete usage of deliberate indifference standard, the main part of the claim, "was plaintiff timely seen by Dr. Villanustre", and "did his judgement call to not give plaintiff treatment to re-pair his broken jaw bone reasonable", and "will this non-treatment be so blatantly inappropriate as to seriously aggravate plaintiff condition of his health in the future". Yes it has and is still affecting plaintiff's quality of life. See (Appendix-Attachment #1, enclosure #1, at pg.#6, §16 and at pg.-#7, §17 - "Affidavit of Thomas M. James, #98106).

First and foremost, just because Dr.-Villanustre was following his job description to do examination on James and did all the work-up, to make a judgement based on those examinations, and he was "nice" to plaintiff while he was doing it does not effect the matter of fact that his judgement after an examination was to not treat plaintiff - "during the narrow time-line, before the injury becomes irreparable". Because the injury now is irreparable-

(14)

— the judgment call is relevant, and is so blatantly inappropriate as to evidence in defendants own exhibits attached to his Summary Judgment motion — "Show intentional and wilful mistreatment — with-out explanation of cause & effect if he didn't do the Surgery. [because at that time he was the only doctor to correct the broken bone (injury) in narrow time-line before injury created complications and/or becomes irrepairable]. Dr. Villanustre, as a professional, knew the outcome if plaintiff did not get his broken jaw bone repaired, and by his actions to not treat plaintiff will seriously aggravate and affect plaintiff's quality of life conditions from that point on, to every day afterwards, for the rest of his life. Dr. Villanustre's Judgment to not treat plaintiff's broken jaw bone "in the narrow-time--line to do repair" created irrepairable injury, pain and suffering, loss of enjoyment with eating, etc. etc. is/and was a judgment call to be deliberately in--different to plaintiff quality of life that will never change. (I.d.) see (Standard of Review on deliberate indifference at plaintiff's motion for Summary Judgment on pg. #3). Plaintiff also submits that both Dr. Eli and Dr. Villanustre are in violation to treatment under the U.S. Constitution for delaying and/or in non--compliance to performance measures. Simply put, Dr. Eli new about the injury on 12/27/07, but did not set up a meeting to see outside doctor for 6 days after he found out. See (Appendix —

(15)

-Attachment #4, at enclosure #1, #2, #3 is 12/27/07 H&R) [after cms ignoring 3 prior requests with H&R's to medical at (n.c.c.f.) (I.d.); see also enclosure #7, at Exhibit A-states date and time finally see by Hospital Doctor, specialist]. Dr. Eli's motion for Summary Judgment Response will be filed on 1/15/2015.

  Under the provision in parsons-v-Ryan, primary jurisdiction when plaintiff was in Indiana at (n.c.c.f.) was afforded to (A.D.O.C.). Plaintiff was located at ASPC-Douglas before he was forceably re-locat--ed to (n.c.c.f.) and ended up back at Douglas complex. See (Appendix-Attachment #3, at enclosure #5, see Exhibit B & C, access to care, #25, #37, #40, #41; see mainly guideline to urgent provider referrals are seen by a Medical Provider within 24 hours of the referrals. (I.d.) Exh. B, #40). The evidence supports Dr. Eli created delay problems and after provider seen James on 12/29/07 - two days later, set-up a x--ray nearly a week later. This affected the time-line to emergency treatment - which was not important to (cms) medical or Dr. Eli. Finally, the plaintiff, nearly a month later see Dr. Villanustre on 1/2/08 - and after examination, denied treatment, claiming it has been to long since injury occurred.

  Unexplained delays of days in treating serious injurys states a prima facie case on deliberate indifference case. See Brown-v-Huges, supra at: (plaintiff summary judgment motion (I.d.)pg #3).

And as mentioned above in this brief at §I, and at §II, Dr. Quintia's examination stated non-treatment (i.d.) (Appendix-Attachment #5, enclosure #1, at Doc. #43), clarifies a dispute with on going complications and clarifing complications if surgery is done now, is in support of irrepairable injury - and it would be in the intrests of justice to do deposition on Dr. Quintia, and disclose his Cat-Scans to Thomas M. James, broken Jaw bone - is the ugly truth not disclosed upon request by both Dr. defendant's. This record with plaintiff's cat-scans by Quintia and a review by the medical community - by expert Doctor could explain Dr. Villanustre wilful disregard in mistreatment with out any real explination of cause and effect after words is evidence which a jury would reasonably conclude that Dr. Villanustre is deliberately in- -different towards plaintiff, and his medical needs, supra.

## IV. Conclusion:

Dr. Villanustre's standards on deliberate indifference was one sided and did not cite the full and clear interpertation on deliberate indifference which can be found in policys of the corporation themself are indifferent to findings in Parsons-v-Ryan, on delays with medical treatment with emergencys, & urgent care. Dr. Villanustre was not only indifferent to time frames, but has been indifferent to the long standing effects this injury has caused plaintiff with his complicated and

-problematic effects [injury] has caused plaintiff that he will induce with the rest of his life.

 Therefore, Dr. Villanustre was deliberately indifferent to plaintiff's medical needs for an urgent and serious injury he failed to treat.

Respectfully Submitted on: January 8th, 2015.

Executed By: *Thos M. James*
     Thomas M. James, #98106
     Plaintiff In Pro Per

## Certificate of Service

 I, Thomas M. James, #98106, hereby certify that the foregoing documents:

#1) Motion For Summary Judgment (Plaintiff) response (6-pgs.), and

#2) Brief In Support For Summary Judgment, Rule 56 Fed. R. Civ. Proc. (17-pgs) with certificate of service attached, and

#3) Appendix - Attachments #1-three-#6, (335 pgs.),

were sent-out-via-legal-mail, postage prepaid from: ASPC-Douglas, Gila-Unit, P.O. Box 5003, Douglas, AZ 85608, to:

(18)

Original Copy To:
Office of The Clerk of The Court, and

One Copy To:
Hon. William T. Lawrence, Judge.
et United States District Court
Southern District of Indiana
105 U.S. Courthouse, 46 E. Ohio St.
Indianapolis, Indiana 46204


One Copy To:
Gerald B. Coleman
 Attorney at Law
Coleman Stevenson, L.L.P.
9101 Wesleyan Road
   Suite 100
Indianapolis, Indiana 46268



Respectfully Submitted on: January 8th, 2015.


Executed By: Thomas M. James
       Thomas M. James, #98106
           Plaintiff In Pro Per