Thomas M. James
ADC# 98106
ASPC-Douglas
Gila-Unit-24-76
P.O. Box 5003
Douglas, AZ
   85608
FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2015 JAN 16 PM 2:38
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## United States District Court
## Southern District of Indiana

| | |
|---|---|
| Thomas M. James, <br>    Plaintiff, <br> v. <br> Dr. Nicolas P. Villanustre, <br> Dr. Lorenzo Eli, et al., <br> And All Others Acting In <br> Concert, (ABC-XYZ, Corp.), <br>    Respondents. | NO: 1:13-CV-541-WTL-TAB. <br><br> Plaintiff's Pro Per Brief In Support of Summary Judgment Response To Dr. Eli's Motion Rule 56, Fed. R. Civ. Proc. <br><br> Hon. William T. Lawrence, Judge. |

    Comes Now, plaintiff, Thomas M. James, (#98106) and hereby submits his response to defendant, Dr. Lorenzo Eli's Motion For Summary Judgment, and plaintiff further submits his objections and arguments herein in good faith requesting this court to deny defendants motion Under Rule 56, supra. A memorandum of Law follows.

# Memorandum of Law

## I.

### Statement of Material Facts Under Dispute:

Plaintiff submits that all times and details under dispute concerning Dr. Eli's care on ingrown toe--nail - which later turned into Staph-Infection, and Broken Jaw claim - that defendant's attorney has setforth to Court in Motion for Summary Judgement are misdirected and/or incorrect. See (Defendant's Motion for Summary Judgement at: pg. #2 - see § Statement of material facts not in Dispute, and see (I.d.) Infected Toenail, to pg. #3, see Broken Jaw, pg #4, to top of pg #6; [although defendant cites the Standard of Review (I.d.) pg. #6A to pg #7B, to pg #8, correctly, defendant's attorney's interpretation on deliberate Indifference Standard is incomplete, so because "standard (I.d.)" is only presented in part, it's incorrect on complete interpretation of deliberate indifference standard under the law]. Plaintiff will present his argument below to clarify this problem.

Plaintiff contends that a dispute still exists under performance measure (s) access to emergency care, & treatment for serious injury upon a prima-facie showing that evidence contradicts defendant's Affidavit and claims of no dispute is mischaracter--ized, & blantly erroneous on plaintiff's delay claims is a primary concern under standard for -

(2)

-deliberate Indifference, because Dr. Eli was aware of a threat to plaintiff health and safety on both claims (ingrown toenail Issue and Broken Jaw Issue). and the 8th Amend proscription against cruel & unusual punishment imposes duty to provide reasonable protection. <u>Brown -v- Hughes</u>, 894 F.2d 1533 (11th cir. 1990). Plaintiff expands this standard (I.d.) below in argument as a matter of law.

§ A)

<u>Ingrown Toenail</u>.

Plaintiff objects completely to the order which defendant depick's material facts and title to change claim to "Infected Toenail". See (I.d.) (Defendants, memorandum filed 10/22/14 at bottom of pg. #2 top pg. #3). In any event, James was transported to (N.C.C.F.) from Arizona-D.O.C. and Dr. Eli did see James about ingrown toenail. The toenail was not infected, the toenail was starting to grow under the skin, but plaintiff had cut-out-on his own, the nail, and later that day "someone" in the hall was, by accident stepped on James's toenail causing it to bleed. This happened on 10/21/07. See (Appendix-Attachment #4, enclosure #3, Summary - dated 10/26/2007). The medical office stamped filed the medical Summary and it is known to (CMS) medical that First H&R was (sent on 10/21/07). Plaintiff contends that he —

(3)

was only given Advil in the begining, for a few days (only), then no one complyed to lay in order until 10/27/07; (9-days without AB meds or pain relief and had to hop to chow). Plaintiff was in constant pain for ingrown toenail that should have just been pulled-out days after - 10/21/07 request. The toenail was not pulled out until after an staph Infection setin, caused by not getting meds timely - and by not taking nail-out A/S/A/P. Plaintiff alerted (cms), c̄ Dr. Eli, whom plaintiff did not know his name and (cms) Staff members at his office at (n.c.c.f.) would not provide his name to plaintiff, but found out Dr. Eli's name from another inmate at (n.c.c.f.). Plaintiff was told he will be put on a "10-list" and "I'm #7". The only time Specialist comes to (n.c.c.f.) is when 10 people are on that list. on 10/23/07 I was given 4 small packs of Tylenol - not IBU's (never had received IBU's in this matter), and was sent on my way without crutches or wheel chair to hop up to second-level housing unit living area on the top bunk. By not getting meds timely and pulling out nail timely created the toe to swell up - double in size by 10/31/07, and the pain was increditable, lack of sleep and throubing on and off "all the time". (I.d.) (Appendix - - Attachment #4, see enclosure #4, James's - medical-chronology - noterized 11/20/07).

(4)

the chronology of medical summary is the second summary to original summary sent to medical on 10/24/07. Plaintiff gives his chronology, light on all matters under dispute that had happened. (I.d.) see chronology at pg. #4, §(5) stating 9 days pasted sence meds and laysin came to be. RN. Tucker told me she would testify on my behalf along with C.O. Guard Tobias, would also testify on my behalf to facts and events in medial Chronology. near the end of time prior to surgery on 11/20/07, I had experenced no meds or lack of layin trays & had to hop to medical - which I was rejected any meds for pain relief and had to hop to chow to eat while having dizzy-spells from staph infection that had set in. Plaintiff incorporates noterized medical Chronology to these material facts under dispute as true and correct. Although this ingrown toenail issue started as a non-urgent care case, it was turned into a urgent case after notification on 10/30/07 - where the infection started to happen with redness all around toenail and swelling, and the delay there after on prolonged wait of 21 more days to have toenail removed is deliberately indifferent to plaintiff's medical treatment under provisions of the 8th Amend. to U.S. Const.; Defendants motion to request summary judgement on this claim should be

(5)

-denied because, as the record of the case reflects in the evidence, under dispute, *supra* - see also, (Appendix-Attachment #4, enclosure #9), with witnesses that show "a genuine issue of material fact(s) under dispute exists that establishes deliberate indifference in condition of confinement claim", accord "below the standard of care" that are performance measure(s) in analyed to determine if defendant(s) are in compliance with health care provisions by private contractors with (A.D.O.C.). See (Appendix-Attachment #3, enclosure #1, *Parson-v-Ryan*, filed under federal provisions Human Rights Act, Rehabilitation Act, *supra* on: 3/22/12 in Phx. Az., see Exhibit B, see category "Access to care" measure #36, #37, #40, #41, #48) Based on this evidence and evidence that in 2007 (CMS) medical was in violation to every claim the plaintiff raised herein, see (Appendix-Attachment #4 at: enclosure #12)[1], this court should find that plaintiff has reached his burden on this claim in evidence and deny defendants request for Summary Judgment in all respects. An argument below gives way to authority on this issue of delayed medical treatment in support.

---

Footnote: #1:

Plaintiff had named all parties subject to this toenail issue, to include Dr. Eli, but the court rejected to bring forth other Parties in this suit. (Att. #4, encl #4, pg 9)

(6)

§B).

Broken Jaw

Plaintiff objects to defendant Eli's material facts "Not" under dispute; to his argument thereto, & Affidavit In Support of request to grant Summary Judgment in this matter. See (Defendant's Affidavit at §12 to §25; memorandum filed: 10/22/14 at pg #4 to top of pg #6; Argument at (I.d.) pg #10, §B) to pg. #12). First and foremost, this issue on claim is about delayed treatment &cord emergency medical treatment for serious injury. This claim is evidenced by original requests in H&R's sent to (C.M.S.) medical - where their were 2 non-response to H&R's about Broken Jaw. The first request about fall, & injury was dated on either 11/27/07 or 11/28/07 and fall happend on 11/27/07. This was originally notified to RN Tucker who came to housing unit to see "James" about chrutches not brought back to medical unit. See (Appendix - Attachment #5, enclosure #9; See also non-response to: 12/2/07, & 12/14/07 H&R at (I.d.) enclosure - #5, & #6; but see mainly the 12/27/07 - H&R at: enclosure #7, stating: "I (plaintiff) TALKED TO DOCTOR Eli today on 12/27/07" end quote... about my Jaw problem, sliped, & fell, it's swelling up again, because on 12/25/07 when eating the "Jaw cracked in ear", I need an -

(7)

"X-Ray" A/S/A/P. "The H&R was signed by Dr. Eli himself"). Plaintiff talked to Dr. Eli in the Hall way near medical, Eli told plaintiff to fill out H&R, then Eli signed H&R based on urgent care and told plaintiff he would be seen right away. Plaintiff contends that the date of 12/27/07 is the date that Dr. Eli was alerted to emergency injury, and any time after that in delay to provide the plaintiff with emergency medical treatment for broken bones is deliberately indifferent to plaintiff's medical needs.

    Furthermore, on Issue of non-response to 3- H&R's filed and Alerted (cms) to this fall, and is not part of the record, but verified by Dr. Villanustre, "being about a month since injury", falls back on (c.m.s) medical staff. See (i.d.)(Appendix-Attachment #4, enclosure #12). Based on the evidence presented upon Dr. Eli's own hand - and his denial to put this evidence on the record, makes his Affidavit un-truthful i' erroneous under these circumstances to get-away from liability of delay in emergency, supports that this is a genuine issue of material fact under dispute, that establishes deliberate indifferent in condition of confinment claim accord performance measures in delay created irreparable injury as an end result (of delay). See (i.d.)(App. Att. #4, encl. #13).

This court should find that plaintiff has met his burden with evidence to support, and has demonstrated a dispute such that a rational trier of fact could find in plaintiff's favor. Bougus-v-Brunson, 890 F.Supp. 908 (E.D. Cal. - 1995); Phelan-v-Thompson, 889 F.Supp. 517 (D. N.H. 1994); Tolentino-v-Friedman, 46 F.3d 645 (7th cir. 1995), therefore denying defendants request "moving party" for summary judgement. See also, the requirement for the plaintiff's disputes in his affidavit under Rule 56(e) are met. See (Appendix-Attachment #1, enclosure #1), are incorporated in to those issues on claims, supra.

§ c).
Delayed Discovery

The concept of delayed discovery has most frequently been applied in cases of medical (legal) malpractice. Kenyon-v-Hammer, 142 Ariz. 69, 688 P.2d 961 (1984). The application of delayed discovery is sound when the court applies standard to this present case. See Farmer-v-Brennan, 511 U.S. 825, 836 (1994). See also (Appendix-Attachment #2, enclosure #1, #2, #3).

Footnote #2:
Plaintiff further contends all parties at (C.M.S.) that created delay are pursuant to equitable tolling statutes, for-

(9)

Here, plaintiff's contention on both issues on claim "all along" has been under the standard of care titled: "Objective Serious medical need", supra. An objective serious medical need is "one that has been diagnosed by a physician as mandating treatment", or "one that is so 'obvious' that even a lay person would easily recognize the necessity for a doctor's attention." (I.d.) See Zentmyer-v-Kendall County Illinois, 220 F.3d 805, 810 (7th cir. 2000), quoting, Gutierrez-v-Peters, 111 F.3d 1364, 1373 (7th cir. 1997); Farmer-v-Brennan, supra, "Requires the prisoner to show that the prison offical was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health and safety." (I.d.) at 837; Zentmyer, 220 F.3d at 811.

Dr. Eli was very well aware of potential health risk with plaintiff's prolonged wait of 30 days to have his toenail removed, creating health problem aquiring a "Staph-Infection" brought on by not removing

---

Contuined-footnote #2:

- other delays directly or indirectly affecting Dr. Eli, & Dr. Villshustre's claims on delays

(10)

— the toenail within the first week known to Dr. Eli, and therefore, because this infection was so obvious — "that even a lay person would easily recognize it". See (Appendix, Attachment #4, enclosure #4 - RN Tuckers concerns), Dr. Eli still disregarded the excessive risk on lack of timely treatment to bring plaintiff to a "Hospital" posed prisoner plaintiff health and safety subjective to staph infection, pain and suffering for additional 21-days before the toenail was removed is deliberately indifferent to prisoners medical needs. (I.d.) Farmer-v-Brennan, Supra.

Dr. Eli was also aware of the plaintiff's injury of his broken jaw on 12/27/07. (I.d.) (Appendix-Attachment #4, enclosure #7), and at that time should have conducted the "X-Ray" himself, but passed it off on some "other" unnamed Doctor to protect himself, to act as if he had no idea what was going on until 1/2/08. Simply put, this argument need not go any further, but is addressed below formulating material facts with the law to support deliberate indifference. Broken Bones are classified as "emergency," "urgent care" provisions that requires imediate attention. This was not done on 12/27/07 by Dr. Eli after he spoke to plaintiff and signed H&R.

(11)

Dr. Eli never disclosed the H&R on 12/27/07 to plaintiff and plaintiff sued the original copy, but received a copy of the 12/27/07 H&R by medical records department of ASPC-Douglas-Mohave Unit in 2010. The H&R was always on (and) in plaintiff's medical file.

Finally, plaintiff submits there is evidence in "cat-scans" that (A.D.O.C.) specialist Dr. Quintis has, that were not disclosed, will support the "Ugly" after effect of non-treatment of his broken jaw bone. Plaintiff had filed a Second objection under Rule 46, supra, about disclosures not being provided by the defendant's, (I.d.) Filed by this court date on: 7/30/2014; and thereafter, motion for leave, Rule 37; Farmer-v-Brennan about "cat-scan" and on 12/30/14 after court order relevant disclosures be given to plaintiff on 11/6/14. See (Appendix-Attachment #1, at: enclosure #3 & #5). Failure to disclose all requested Idems relevant to the case in chief is in violation to Farmer-v-Brennan, as it could be an oversight by the Court of last two (2) motions filed under Rule-37, & Rule 55, Fed. R. Civ. Proc..

Because Farmer-v-Brennan, controls this Issue, and plaintiff timely alerted the court about disclosure problems, the court should grant plaintiff's motion for default-

(12)

-judgement in those matters in all respects. (I.d.) (Appendix-Attachment #1, enclosure #1). Because Dr. Quintia's "cat-scans" depict an irreparable injury. See (Appendix-Attachment #5, enclosure #11, found as Doc. #43). This non-disclosure controled by <u>Farmer-v-Brennan</u>, can otherwise deny defendant summary Judgement as is a matter of law. (I.d.) at 81 F.3d 1444 (7th cir. 1996) "The defendants failed to respond within time established by the rules to Farmer's 1991 discovery requests". Rule 56(F) motion in a corresponding set of discovery requests, is setforth in (I.d.) (Attachment #1, enclosure #5). And see (Appendix-Attachment #1, enclosure #1, at §24).

 Plaintiff submits to resolve on going disputes and controveries here, plaintiff should be afforded an opportunity to view "Quintia's cat-scans on his broken untreated jaw bone", and to exhibit those pictures of irreparable injury showing original M.R.I. with, later cat-scans ugly displaced disfigurement to support claim of deliberate indifference.[3] See <u>Eisler-v-United States</u>, 338 U.S. 189, 194, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949), "on going controveries are not -moot".

---

<u>Footnote #3:</u>

 <u>Plaintiff contends original M.R.I. depicts a "clean Brake" of Jaw bone, and Quintia's cat-scans show "lump at the place of brake", is now irreparable injury creates complication effects.</u>

(13)

## II.

<u>Defendant Dr. Eli Argument(s) In his Summary Judgement motion are Erroneous, & Mischaracterizes Plaintiff Delay claims, & Confuses Standing clarifying Deliberate Indifference Standard as a matter of Law.</u>

<u>Argument:</u>

As stated above, plaintiff objects to defendants arguments, <u>supra</u> (I.d.) and although defendants cites standard of review on Summary Judgement correctly, See (Defendants Motion for Summary Judgement filed 10/22/14, at pg. #6 §A), defendants standard of review on deliberate indifference are incorrectly interpreted in part. Defendants lawyers creative (one-sided) interpretation on deliberate indifference under the law are set forth at (I.d.)(pg. #7, §B, to the top of pg. #8). Here plaintiff had shown that Dr. Eli had Knowledge of both problems in injurys [<u>the foot injury in fact created the Jaw injury based on plaintiff, while on an narcotic had to hop up & down steps in his housing unit to go to medical to get his meds, caused injury (to the jaw bone)</u>]. (I.d) (Appendix-Attachment #1, enclosure #1, at: §4 to §10, <u>Dr. Eli knew plaintiff already had knee & Back problem but Still wouldn't give lower-lower status on housing unit;</u> to §11, is jaw injury that was caused by not placing plaintiff in infirmery (I.d.) §10 & §11, to §16 -

to §17, at A), B), C), D), E), F), talk about record reflecting disputes in delays with evidences in support — and as end result created irreparable injury and complication for the Rest of plaintiff's natural life — see also §18, list of life long affects, a), b), c), d), e), f), g), h) — and on to §19, §20 — Dr. Quintia's Doc #43, supra supports complication for non treatment status, to §21 — see also §22 talks about not follow compliance performance measures, to §23, §24 and §25, end of Affidavit).

Therefore, and upon the above mentioned information and evidence thereto, plaintiff has in fact establish that Dr. Eli was deliberately indifferent in creating a staph infection upon delay to remove the toenail timely, or have plaintiff brought to a hospital within the week to remove toenail, and this court should reject defendants request for summary judgment based on clear and convincing evidence. [Affidavit of Thomas James dated 1/8/14 points to all relevant parts of the record to establish the evidence]. (Id.) (see Defendants argument, at §A, pg. #8, to top of pg. #10). Furthermore, this court should also re--ject argument at (Id.) (Defendants Summary Judgment, §B, pg. #10 to pg. #12), for those following reasons as a matter of law.[4]

Footnote #4:

Plaintiff incorporates his Affidavit, App. Att. #1, - encl. #1 to both arguments presented by defendant in A + B. supra.

(15)

## IV.
### Deliberate Indifference Standard

This case is subject to deliberate Indifference Standards. Deliberate Indifference can be shown in various ways. In this case involving Dr. Eli, c̄ (cms) medical, c̄ (n.c.c.f.) staff, it's based on delays accord urgent medical care. Estelle-v-Gamble, 429 U.S. 97 (1976). Deliberate Indifference is also a standard of measuring the adequacy of prison officials (originally named) response to the known medical needs of inmates and their systems for allowing inmates to make their needs known. (I.d.)(App. Att. #4, encl. #5, #6)

In Dean-v-Coughlin, 623 F.Supp. 392, 402 (S.D.N.Y.-1985), accord, Weeks-v-Chaboudy, 984 F.2d 185, 187 (6th-Cir. 1993), "[A] determination of deliberate indifference does not require proof of intent to harm or a detailed inquiry into defendants state of mind... [The] facts establish that [defendant] was deliberately Indifferent".

Here, the facts establish delays occurred on both claims and these actions should not be tolerated, based on the seriousness c̄ urgency of plaintiff's medical needs at that time. The unexplained delays on Jaw injury - on treating this serious injury states a prima facie case on deliberate indifference. Brown-v-Huges, 894 F.2d 1533, 1538 (11th cir. 1990), "Four (4) day delay in treating a broken foot establishes deliberate indifference case", cert. denied, 110 S.Ct. 2624 (1990). Dr. Eli was notified about Jaw injury on 12/27/07 when he seen James, explaining his injury to him, and Dr. Eli, pushed this off on to "another unknown doctor", who delayed this –

- injury to get X-rays on 1/2/08, is of no difference here, because Dr. Eli knew of said jaw injury and failed to do the X-Ray on 12/27/07 and send James to hospital is a delay and deliberately indifferent to plaintiff's medical needs. Under the complete usage of deliberate indifferent standard, with the evidence (signed H/R dated 12/27/07) (i.d.), in support of delay(s) mentioned are so blantantly inappropriate as to seriously aggravate plaintiff condition of his health in the future concerning life long debilitation with broken jaw, [disfigurment].

The untimely response by Dr. Eli to appropriately respond on 12/27/07 to plaintiff broken jaw condition has now affected plaintiff's quality of life - and jaw bone is irreparable - which has been clarified in evidence under requirements of law for summary judgment. Anderson -v- Liberty Lobby Inc., 477 U.S. 242, 249, 252 (1986). Plaintiff has also clarified delayed discovery dispute and it's effects in these proceedings. Plaintiff clarifies, the article in (app. Att.' #4, enclosure #12) talks about issues (cms) was having in 2007 while the same issues were happening to plaintiff, while "DOJ" was monitoring (c.m.s.). This should have an impact on this ruling.

Accordingly, since plaintiff has met his burden with evidence in summary judgment proceedings, Anderson, supra, "ugly truth about irreparable injury," plaintiff contends a jury would reasonably conclude that Dr. Eli was deliberately indifferent towards plaintiff's medical needs, therefore, this court should deny defendant request for summary judgment, in all respects as a matter of law.

Submitted on: 1/12/2015.   BY: _Theus M. Davis_.

## Certificate of Service

I, Thomas M. James, #98106, hereby certify that the foregoing documents:

#1) Plaintiff's pro per response to Defendant Dr. Eli's motion for Summary Judgment Rule 56, and

#2) Plaintiff's pro per brief in support to motion for Summary Judgment response Rule 56, and

#3) Appendix in Support of Plaintiff response to Dr. Eli's Summary Judgment motion, Rule 56,

were sent-out-via-legal mail, postage prepaid from: ASPC-Douglas, Gila-Unit, 24-76, P.O. Box 5003, Douglas, Az 85608, To:

Original Copy To:
Office of the Clerk of The Court.
One additional copy To:
Hon. William T. Lawrence, Judge.
at: United States District Court
Southern District of Indiana
105 U.S. Courthouse, 46 E. Ohio Street
Indianapolis, Indiana 46204

One copy To:
BleekeDillonCrandall, Attorneys
8470 Alison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365

Submitted on: 1/12/15. By: Thomas M. James, #98106.

(1-of-1)